754 So.2d 301 (2000)
STATE of Louisiana
v.
Cecil E. WILKINSON.
No. 99 KA 0803.
Court of Appeal of Louisiana, First Circuit.
February 18, 2000.
Rehearing Denied March 30, 2000.
*302 Walter P. Reed, District Attorney, Parish of St. Tammany, Covington, Louisiana, and Dorothy A. Pendergast, Metairie, Louisiana, Counsel for Appellee State of Louisiana.
Katherine M. Franks, Baton Rouge, Louisiana, Counsel for Defendant/Appellant Cecil E. Wilkinson.
BEFORE: SHORTESS, C.J., PARRO, AND KUHN, JJ.
KUHN, Judge.
The defendant, Cecil E. Wilkinson, was charged by bill of information with possession of marijuana with intent to distribute, in violation of La. R.S. 40:966 A(1). He pled not guilty and, after trial by jury, was found guilty as charged. The defendant received a sentence of seven years at hard labor and a $1,000 fine. He has appealed, alleging two assignments of error, as follows:
1. The trial court erred in imposing an excessive sentence; and
2. Trial counsel was ineffective for failing to file a motion to reconsider sentence.

FACTS
At approximately 11:00 p.m. on June 19, 1997, Corporal Keith Rogers and Detective Barney Turney of the St. Tammany Parish Sheriffs Office and Detective Kevin Swan *303 of the Slidell Police Department spotted a parked truck in an area called AThe Point" in Eden Isles. The defendant was observed coming out from behind a bush and walking to the truck. The officers approached and smelled an odor of burning marijuana from the truck and on the defendant. The defendant consented to a search of his person, which revealed a small bag of marijuana. The defendant was arrested, along with two female passengers in the truck. A search of the truck revealed a paper bag containing eight plastic baggies with small amounts of marijuana. During subsequent questioning, the defendant admitted that he was going to sell the marijuana or give it to friends.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In the first assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence. However, noting that counsel failed to file or make a motion to reconsider sentence, the defendant contends that he has been prejudiced because the excessive sentence issue had not been properly preserved for appellate review. In his second assignment of error, he asserts that counsel was ineffective for failing to make or file a motion to reconsider sentence.
The defendant was sentenced on October 26, 1998. The instant record does not contain an oral or written motion to reconsider sentence. La.Code Crim. P. art. 881.1 D provides that the failure to file or make a motion to reconsider sentence precludes the defendant from raising an excessive sentence argument on appeal. Ordinarily, we are constrained by the provisions of this article and the holding of State v. Duncan, 94-1563 (La.App. 1st Cir.12/15/95), 667 So.2d 1141, 1143 (en banc per curiam), and we would not consider an excessive sentence argument.
However, in the interest of judicial economy, we choose to consider defendant's argument that his sentence is excessive, even in the absence of a motion to reconsider sentence, in order to address the defendant's claim of ineffective counsel. See State v. Bickham, 98-1839, pp. 6-8 (La.App. 1st Cir.6/25/99), 739 So.2d 887, 891-892. Because we conclude that the instant sentence is not excessive, counsel's failure to file or make a motion to reconsider sentence, even if constituting deficient performance, did not prejudice the defendant.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.Code Crim. P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir. 1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
After the defendant's conviction, the trial court ordered a presentence investigation report (PSI). The court noted the PSI was "very negative." According to the PSI, although the instant conviction was the defendant's first felony conviction, he had a lengthy criminal history of arrests and misdemeanor convictions. The PSI recommended a maximum sentence, *304 noting that the defendant had not responded well to past probation supervision. The trial court obviously concluded the defendant was in need of correctional treatment, but stated that it would not impose the maximum sentence as recommended in the PSI because of the defendant's status as a first felony offender. After imposing a near minimum sentence of seven years at hard labor, the court also recommended the defendant for the IMPACT program. Considering the above, we find that the trial court arguably complied with the Article 894.1 guidelines. Nevertheless, even if the trial court's compliance with Article 894.1 was inadequate, we find that the record supports the sentence imposed.[1]
For this conviction of possession of marijuana with intent to distribute, the defendant was exposed to a minimum sentence of five years at hard labor, a maximum sentence of thirty years at hard labor, and a maximum fine of $50,000. See La. R.S. 40:966 B(2). He received a sentence of seven years at hard labor and a $1,000 fine.
In his brief to this Court, the defendant contends that the instant sentence was excessive for a first felony offender. However, neither the defendant's lengthy record of arrests and misdemeanor convictions, nor his failure to respond to the chances given to him in prior probationary periods to reform his criminal behavior, can be ignored. Furthermore, after reviewing the defendant's statements in the PSI, we agree with the assessment that the defendant had a poor attitude. After considering the circumstances of this offense and the reasons for sentencing given by the trial court, particularly the defendant's prior criminal record, his failure to successfully complete past probation periods, and his poor attitude, we find no abuse of discretion in the sentence imposed despite his first felony offender status.
For the above reasons, these assignments of error are meritless.
CONVICTION AND SENTENCE AFFIRMED.
SHORTESS, C.J., concurs with reasons.
SHORTESS, C.J., concurring.
While I disagree with the majority's language regarding losing appeal rights by failing to move for reconsideration of sentence per Louisiana Code of Criminal Procedure article 881.1(D), defendant has not been prejudiced here because he received complete appellate review of this assignment of error in the treatment of his ineffective-assistance-of-counsel argument.
I respectfully concur.
NOTES
[1] See State v. Smith, 430 So.2d 31, 46 (La. 1983), for the proposition that the failure to comply with Article 894.1 does not, in and of itself, render a sentence invalid and a reviewing court will uphold a sentence if the record supports the sentencing choice. See also La. Code Crim. P. art. 881.4 D.