NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-620

STATE OF LOUISIANA

VERSUS

CHARLES RAY ANDERSON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 04-K-2270-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED.**

G. Paul Marx
Attorney at Law
P. O. Box 82389
Lafayette, LA 70598-2389
(337) 237-2537
Counsel for Defendant-Appellant:
Charles Ray Anderson

Earl B. Taylor
District Attorney, 27th J.D.C.
P. O. Drawer 1968
Opelousas, LA 70571-1968
(337) 948-3041
Counsel for Plaintiff-Appellee:
State of Louisiana

**PICKETT, Judge.**

## STATEMENT OF FACTS

We were  unable to locate a formal entry of a factual basis by the state at the guilty plea hearing or either of the sentencing hearings.  At his guilty plea hearing, the defendant stated the following in response to the trial court's questions:

Q.   Now, in order to substantiate and support your plea in this matter, please tell me what happened which resulted in you being charged with this crime.

A.   (No response.)

Q.   What occurred, tell me what – what happened and how you got arrested and the circumstances around the arrest?

A.   I was going to get my girlfriend from Baton Rouge, and I was going through Port Barre, Louisiana, and when the law – when the cops stopped me, they found some rocks in my car.

Q.   All right. And those rocks that they found, they were your rocks?

A.   Yes, sir.

Q.   And the number of rocks that they found, do you recall how many?

A.   I think twenty-five (25).

Q.   Okay. And those rocks, that was rocks of cocaine?

A.   Yes, sir.

The bill of information states that the offense took place on or about June 1, 2004.

On July 5, 2005, the State filed a bill of information charging the defendant, Charles Ray Anderson, with possession of cocaine with the intent to distribute in violation of La.R.S. 40:967(A)(1).  The defendant filed a Written Plea of Not Guilty in Lieu of Formal Arraignment with Notice of Trial Date and Other Appearance Dates on August 12, 2005, and a trial date was set.

1

However, on October 11, 2005, the defendant moved to withdraw his not guilty plea and enter a plea of guilty to possession with the intent to distribute cocaine. The trial court accepted the defendant's guilty plea and ordered a presentence investigation.

At a sentencing hearing on March 10, 2006, the defendant indicated that wished to withdraw his guilty plea because he had understood that as a condition of his guilty plea, he would be sentenced on certain other charges that were outstanding at the time and that all sentences would be ordered to be served concurrently. Defense counsel told the court that he had not previously heard of such an agreement. The court noted that it was unclear whether the defendant actually had any such outstanding charges and was hesitant to consider a plea withdrawal request until it was assured of the existence of other charges. Consequently, the trial court reset the sentencing hearing in order to give defense counsel an opportunity to determine whether there were, in fact, outstanding charges which would be affected by such an agreement.

The defendant was sentenced at a hearing on April 13, 2006, to serve ten years at hard labor with the first two years of which to be served without benefit of parole, probation or suspension of sentence, with credit given for time served.

The defendant is now before this court, alleging that the sentence imposed by the trial court was unconstitutionally excessive. The defendant additionally asserts that he received ineffective assistance because his trial counsel failed to file a motion to reconsider his sentence.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENTS OF ERROR

In the defendant's first assignment of error, he alleges that his sentence is unconstitutionally excessive. In his second assignment he alleges that his trial counsel's failure to file a motion to reconsider his sentence constituted ineffective assistance of counsel.

Louisiana Code of Criminal Procedure Article 881.1. states that within thirty days of the imposition of a sentence, a defendant may make or file a motion to reconsider that sentence. Generally, the failure to make or file a timely motion to reconsider precludes a defendant from raising an objection to the sentence on appeal. *State v. Sullivan*, 02-360 (La.App. 3 Cir. 10/2/02), 827 So.2d 1260, *writs denied*, 02-2931 (La. 4/21/03), 841 So.2d 790; 02-2965 (La. 9/5/03), 852 So.2d 1024. However, in the instant matter, the defendant argues that trial counsel's failure to file the motion to reconsider constituted ineffective assistance and should not bar appellate review of his sentence.

This court considered a similar issue in *State v. Prudhomme*, 02-511, p. 16 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, 1177, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324, stating:

> Failure to file a motion to reconsider the sentence does not necessarily constitute ineffective assistance of counsel. *State v. Texada*, 98-1647 (La.App. 3 Cir. 5/5/99); 734 So.2d 854. Nevertheless, the defendant may have a basis to claim ineffective assistance of counsel when he can show a reasonable probability, but for defense counsel's error, his sentence would have been different. *Id.* Furthermore, in *State*

3

*v. Francis*, 99-208[, pp. 10-11] (La.App. 3 Cir. 10/6/99); 748 So.2d 484[, 491], *writ denied*, 00-0544 (La.11/13/00); 773 So.2d 156, this court stated:

> A claim of ineffective assistance of counsel is properly raised in an application for post conviction relief. This allows the trial judge an opportunity to order a full evidentiary hearing on the matter. *State v. Burkhalter*, 428 So.2d 449 (La.1983). However, where the record contains evidence sufficient to decide the issue and the issue is raised by an assignment of error on appeal, it may be considered. *State v. James,* 95-962 (La.App. 3 Cir. 2/14/96); 670 So.2d 461.

We find that there is sufficient evidence in the record to address the defendant's ineffective assistance claim and determine whether there was a reasonable probability that the trial court would have reduced his sentence had a motion to reconsider been filed.

The defendant was convicted of possession with intent to distribute cocaine in violation of La.R.S. 40:967, which provides in Section B(4)(b) for: "a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence[.]" In this case, the defendant was sentenced to ten years at hard labor, the first two of which to be served without benefit of parole, probation or suspension of sentence. At the defendant's sentencing hearing, the trial court articulated its reasons for sentencing as follows:

> Considering the input from the defendant, the pre-sentence investigation, and the guidelines set forth in Louisiana Code of Criminal Procedure Article 894.1 and other applicable sentencing statutes, including Revised Statute 40:967 (A) (1), the Court notes the following factors pertinent to this sentencing: The defendant is a first felony offender, however, the penalty for this crime is imprisonment at hard labor for not less than two (2) years, nor more than thirty (30) years with the first two (2) years being without the benefit of parole, probation or suspension of sentence. The defendant has several misdemeanor convictions and has at least one felony charge pending in the 27th

4

Judicial District Court. There is an undue risk that during the period of a suspended sentence of probation the defendant will commit another crime. The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; a lesser sentence will deprecate the seriousness of the defendant's crime, and there are no mitigating circumstances. The defendant is presently before the Court indicating that he has remorse for this crime.

The defendant's main argument on appeal is that he is a first-felony offender for whom a minimum sentence is appropriate. He also states that the court did not give sufficient weight to his claim that he had changed his lifestyle since the arrest.

As stated above, the defendant had a number of previous and pending charges that appeared on his criminal record, and the trial court had to reschedule the initial sentencing hearing to allow time to determine which charges were actually pending. The defendant's counsel stated at the final sentencing hearing that there were charges for simple criminal damage to property, inciting a riot, aggravated battery and introduction of contraband into a penal institution. However, defense counsel asked that the defendant be considered a first offender, stating that those charges had all either prescribed without having been pursued further, been dropped by the victim, or had not been billed. Despite his request for first-offender status, defense counsel acknowledged that the defendant had a pending charge for distribution of cocaine.

The trial judge stated that, in addition to the defendant's criminal record, he was considering the presentence investigation and the defendant's statements as well. Our review indicates that at the first sentencing hearing, the defendant stated that he was not guilty. At the second hearing, the defendant told the court that he had "really changed [his] life when [he] got married" and requested leniency from the court in its sentencing. His counsel made a substantially similar statement to the court, saying

5

that the defendant had advised him that he had "turned his life around" and was recently married.

Based on the fact that the trial court continued the sentencing hearing, listened to the defendant's statements and clearly considered the details of the presentence report and guidelines of La.Code Crim.P. art. 894.1 in its reasons for judgment, it is not likely that the trial court would have reduced the defendant's sentence if a motion to reconsider had been made.

This court has considered a defendant's excessive sentence claim despite its finding that there was not a reasonable probability of a sentence reduction had trial counsel filed a motion to reconsider. *State v. White*, 03-1535 (La.App. 3 Cir. 4/28/04), 872 So.2d 588; *See also State v. Blake*, 03-1465 (La.App. 3 Cir. 5/5/04), 872 So.2d 602 (applying a "two-part inquiry" analysis in which the excessive sentence determination constituted the second prong).

In *State v. Wilturner*, 03-719, pp. 5-6 (La.App. 3 Cir. 11/5/03), 858 So.2d 743, 746 (alteration in original), this court provided the following analysis of the law pertaining to excessive sentence claims:

> The standard of review for Louisiana appellate courts in determining whether a sentence levied upon a particular defendant was excessive is the manifest-abuse-of-discretion standard. *State v. Guzman*, 99-1753 (La.5/16/00), 769 So.2d 1158. A trial judge has considerable latitude in imposing sentences within the constraints provided by law. *State v. Thompson*, 02-0333 (La.4/9/03), 842 So.2d 330. However, in *State v. Marshall*, 94-0461, p. 24 (La.9/5/95), 660 So.2d 819, 829, the Louisiana Supreme Court held that "[a] sentence may violate a defendant's constitutional right against excessive punishment even if it is within the statutory limit," *citing State v. Sepulvado*, 367 So.2d 762 (La.1979). Furthermore, under both United States and Louisiana law, a sentence is unconstitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *Coker v. Georgia*, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982

6

(1977); *State v. Handy*, 96-2505, p. 1 (La.1/6/97), 686 So.2d 36, 37, *citing State v. Dorthey*, 623 So.2d 1276 (La.1993). The Louisiana Supreme Court has provided a list of several factors that appellate courts are to consider in ascertaining whether a sentence, by its excessive duration or severity, is grossly disproportionate to the underlying offense. *State v. Baxley*, 94-2982 (La.5/22/95), 656 So.2d 973, *citing State v. Telsee*, 425 So.2d 1251, 1253 (La.1983). The appellate court's analysis of the sentence is cumulative and centers on an amalgam of relevant factors. *Id.* Among these factors the supreme court notes, are "the nature of the offense and the offender, a comparison of the punishment with sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment provided for this crime in other jurisdictions." *Baxley*, 656 So.2d at 980, *citing Telsee*, 425 So.2d at 1253-54.

The potential sentencing range in the instant matter is not less than two years or more than thirty years. The defendant's ten-year sentence is a midrange sentence. The sentence is not the most severe nor the most lenient. Although the defendant points out that he was a first-felony offender, the trial court cited his criminal record in its reasons for the sentence. The court noted that the defendant had several previous misdemeanor convictions and at least one other felony charge pending at the time of sentencing. The trial court stated that it had considered the input from the defendant as well as the presentence investigation in determining the appropriate sentence. In its reasons for sentencing, the trial court paid attention to the factors set forth in La.Code Crim.P. art. 894.1, noting that a lesser sentence would deprecate the seriousness of the crime, the defendant's need for a custodial environment and a lack of mitigating circumstances.

Additionally, a brief review of similar cases, which involve a first-felony distribution offender with an extensive history of arrests and/or misdemeanor convictions, indicates that the defendant's ten-year sentence is not unreasonable or excessive. *See State v. Cooks*, 36,613 (La.App. 2 Cir. 12/4/02), 833 So.2d 1034 (seven-year sentence not excessive considering extensive misdemeanor record and

other factors); *State v. Wilkinson*, 99-803, p. 5 (La.App. 1 Cir. 2/18/00), 754 So.2d 301, 304 (court noted "lengthy record of arrests and misdemeanor convictions" and other factors in affirming seven-year sentence).

Consequently, we find that the trial court did not abuse its discretion in sentencing the defendant to serve ten years at hard labor, the first two years without the benefit of parole, probation or suspension of sentence. Both of the defendant's assignments of error are without merit.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

8