STATE OF LOUISIANA
v.
RICKY LOFTON
No. 2009 KA 0887.
Court of Appeals of Louisiana, First Circuit.
December 23, 2009.
HILLAR MOORE District Attorney State of Louisiana Counsel for Appellee
BY: WILLIAM MORRIS Assistant District Attorney Baton Rouge, Louisiana
FREDERICK KROENKE Ricky Lofton Baton Rouge, Louisiana Counsel for Defendant/Appellant
Before: DOWNING, GAIDRY, AND McCLENDON,
McCLENDON, J.
The defendant, Ricky Lofton, was charged by bill of information with simple burglary in violation of LSA-R.S. 14:62. The defendant pleaded not guilty but was found guilty as charged after a jury trial. The defendant was adjudicated a fourth-felony habitual offender and sentenced to twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The defendant now appeals, assigning error as to the constitutionality of the sentence imposed and the effectiveness of counsel. For the following reasons, we affirm the conviction and habitual offender adjudication, amend the sentence, affirm the sentence as amended, and remand with instructions.

STATEMENT OF FACTS
On or about January 23, 2007, Maggie Green and her father Neoirl Henderson conducted a routine inspection of the Baton Rouge home of Tanisha Scott (Green's sister and Henderson's daughter), who was out of state at the time. During this particular inspection, Green noticed that some items on her sister's porch were displaced. They attempted to unlock the door to the home, but could not open it. Green walked around the side of the home and noticed that a security board was removed from one of the windows. Green reached into the window, pulled back the curtains, and observed the defendant in a bed.
Green and Henderson forced their way into the home through the barricaded front door. The defendant escaped through a window as Green contacted the police. The defendant did not have permission to be in the home. When the police apprehended the defendant, he had two watches in his possession. Henderson identified one of the watches as the property of his sonin-law, Scott's husband.

FIRST AND SECOND ASSIGNMENTS OF ERROR
In his first assignment of error, the defendant contends that the trial court erred in imposing an unconstitutionally excessive sentence. The defendant contends that in this case, a 69-year-old man was sentenced to twenty years imprisonment at hard labor for being homeless. The defendant notes that there is no evidence that he is a violent offender, and he argues that a downward departure from the minimum sentence under the Habitual Offender Law is required. In his second assignment of error, the defendant argues that in the event this court finds that the excessive sentence argument raised in his first assignment of error cannot be reviewed due to the lack of a motion to reconsider sentence, the failure of his trial counsel to file the motion constitutes ineffective assistance of counsel.
One purpose of the motion to reconsider is to allow the defendant to raise any errors that may have occurred in sentencing while the trial judge still has the jurisdiction to change or correct the sentence. The defendant may point out such errors or deficiencies, or may present argument or evidence not considered in the original sentencing, thereby preventing the necessity of a remand for resentencing. State v. Mims, 619 So.2d 1059 (La. 1993) (per curiam). Under the clear language of LSA-C.Cr.P. art. 881.1(E), failure to make or file a motion to reconsider sentence precludes a defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. As noted by the defendant, in this case a motion to reconsider sentence was not filed. Accordingly, the defendant is procedurally barred from having his challenge to the sentencing, raised in his first assignment of error, reviewed by this court on appeal. State v. Felder, 00-2887, p. 10 (La.App. 1 Cir. 9/28/01), 809 So.2d 360, 369, writ denied, 01-3027 (La. 10/25/02), 827 So.2d 1173.
As noted in his second assignment of error, the defendant argues that his trial counsel was ineffective in failing to file a motion to reconsider sentence. Thus, in the interest of judicial economy, we choose to consider the defendant's excessiveness argument in order to address the claim of ineffective assistance of counsel. See State v. Wilkinson, 99-0803, p. 3 (La.App. 1 Cir. 2/18/00), 754 So.2d 301, 303, writ denied. 00-2336 (La. 4/20/01), 790 So.2d 631.
As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court than on appeal. This is because post-conviction relief provides the opportunity for a full evidentiary hearing under LSA-C.Cr.P. art. 930.[1] However, when the record is sufficient, this court may resolve this issue on direct appeal in the interest of judicial economy. State v. Lockhart, 629 So.2d 1195, 1207 (La.App. 1 Cir. 1993), writ denied, 94-0050 (La. 4/7/94), 635 So.2d 1132.
The claim of ineffective assistance of counsel is to be assessed by the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See State v. Fuller, 454 So.2d 119, 125 n. 9 (La. 1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced him. Counsel's performance is deficient when it can be shown that he made errors so serious that he was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. To carry his burden, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
The failure to file a motion to reconsider sentence in itself does not constitute ineffective assistance of counsel. Felder, 00-2887 at pp. 10-11, 809 So.2d at 370. However, if the defendant can show a reasonable probability that, but for counsel's error, his sentence would have been different, a basis for an ineffective assistance claim may be found. Thus, the defendant must show that but for his counsel's failure to file a motion to reconsider sentence, the sentence would have been changed, either in the district court or on appeal. Felder, 00-2887 at p. 11, 809 So.2d at 370.
The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one's sense of justice. State v. Andrews, 94-0842, pp. 8-9 (La.App. 1 Cir. 5/5/95), 655 So.2d 448, 454. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of this discretion. See State v. Holts, 525 So.2d 1241, 1245 (La. App. 1 Cir. 1988).
Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of LSA-C.Cr.P. art. 894.1 need not be recited, the record must reflect that the trial court adequately considered the criteria. State v. Brown, 02-2231, p. 4 (La.App. 1 Cir. 5/9/03), 849 So.2d 566, 569. The factors guiding the decision of the trial court are necessary for an appellate court to adequately review a sentence for excessiveness and, therefore, should be in the record. Otherwise, a sentence may appear to be arbitrary or excessive and not individualized to the particular defendant.
In State v. Dorthey, 623 So.2d 1276, 1280-81 (La. 1993), the Louisiana Supreme Court recognized that if a trial judge determines that the punishment mandated by the Habitual Offender Law makes no measurable contribution to acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime, he is duty bound to reduce the sentence to one that would not be constitutionally excessive. However, the holding in Dorthey was made only after, and in light of, express recognition by the court that the determination and definition of acts that are punishable as crimes is purely a legislative function. It is the Legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies. Moreover, courts are charged with applying these punishments unless they are found to be unconstitutional. Dorthey, 623 So.2d at 1278.
To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Johnson, 97-1906, p. 8 (La. 3/4/98), 709 So.2d 672, 676. A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence that justifies rebutting the presumption of constitutionality. Johnson, 97-1906 at p. 7, 709 So.2d at 676.
Among the defendant's prior convictions are a May 30, 2001 guilty plea conviction of felony theft at a value greater than $500.00; an October 9, 1990 conviction of simple burglary[2]; an October 10, 1988 guilty plea conviction of illegal possession of stolen things at a value greater than $500.00; and as stated, the instant conviction is for the offense of simple burglary. The defendant was subject to a term of imprisonment not less than twenty years imprisonment and not more than his natural life. LSA-R.S. 15:529.lA(l)(c)(i); LSA-R.S. 14:62(B). In its reasons for judgment, the trial court stated that it found no reason to deviate from the mandatory minimum sentence.
Based on the record before us, we conclude that the defendant has failed to show that he is exceptional or that the mandatory minimum sentence is not meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. Thus, we do not find that downward departure from the mandatory minimum sentence was required in this case. Within its sentencing discretion, the trial court had a wide statutory sentencing range in which to impose sentence and imposed the minimum sentence. The sentence imposed is not excessive and his first assignment of error lacks merit. Even if we were to conclude that the defendant's trial counsel performed deficiently in not filing a motion to reconsider sentence, the defendant fails to show that he was prejudiced in this regard. The ineffective assistance of counsel argument raised in his second assignment of error is without merit.

REVIEW FOR ERROR
In accordance with LSA-C.Cr.P. art. 920(2), all appeals are reviewed for errors discoverable by a mere inspection of the pleadings and proceedings. After reviewing the instant record, we note that the trial court imposed the defendant's sentence without the benefit of parole when neither the penalty provision of the underlying statute nor the Habitual Offender Law authorized such a restriction on the defendant's parole eligibility. The penalty for simple burglary is imprisonment with or without hard labor for up to twelve years. LSR.S. 14:62(B). While Louisiana Revised Statutes 15:529.1(G) prohibits probation or suspension of sentence, the Habitual Offender Law does not prohibit parole eligibility. Thus, the inclusion of the parole restriction rendered this sentence illegal.
We note that neither the defendant nor the state has raised this issue on appeal. However, in accordance with the provisions of LSA-C.Cr.P. art. 882(A), we amend the sentence to delete the parole restriction. State v. Templet, 05-2623, pp. 16-17 (La.App. 1 Cir. 8/16/06), 943 So.2d 412, 422, writ denied. 06-2203 (La. 4/20/07), 954 So.2d 158. This matter is remanded to the trial court with instructions to correct the minutes and commitment order, if necessary, to reflect this amendment to the sentence.
CONVICTION AFFIRMED. SENTENCE AMENDED AND AFFIRMED AS AMENDED. REMANDED WITH INSTRUCTIONS.
NOTES
[1] The defendant would have to satisfy the requirements of LSA-C.Cr.P. art. 924 et seq., to receive such a hearing.
[2] In its written reasons for judgment, the trial court incorrectly refers to this offense as simple robbery. In accordance with the bill of information and minute entry in the record, this predicate conviction was for the offense of simple burglary.