HUGHES J.
|gDefendant, Ian Paul Knight, was charged by bill of information (number 483097) with one count of distribution of marijuana, a violation of LSA-R.S. 40:966 A(l), and one count of distribution of bu-prenorphine, a violation of LSA-R.S. 40:968 A(l).[1] In a separate bill of information (number 483098), the defendant was also charged with one count of possession with intent to distribute marijuana, a violation of LSA-R.S. 40:966 A(l).[2] He initially pled not guilty to all charges, but subsequently withdrew those pleas, and pled guilty as charged on all counts. The trial court sentenced the defendant on each conviction to ten years at hard labor, but suspended five years of each sentence and placed the defendant on probation for five years upon his release. Further, the trial court imposed a fine of $500.00 for each conviction. Both the terms of imprisonment and the fines were made concurrent. After sentencing, the defendant retained new counsel, who filed a motion to reconsider sentence. The motion was denied without a hearing. The defendant now appeals, designating four assignments of error challenging the sentences imposed. For the following reasons, we affirm the convictions and sentences.

ASSIGNMENTS OF ERROR

1.The trial court erred in imposing sentence without stating proper reasons or considering the guidelines of LSA-C.Cr.P. art. 894.1.
2. The trial court erred in imposing excessive and unconstitutional sentences that constitute cruel and unusual punishment.
3. The trial court erred in denying defendant’s motion to reconsider sentence.
4. The trial court erred in denying the defendant’s motion to reconsider the sentences without a hearing.

hFACTS

Since the defendant pled guilty following his attorney’s stipulation that a factual basis existed for the pleas, the facts surrounding the instant offenses were not fully developed.[3] A review of the respective bills of information reveals that the offenses of distribution of marijuana and distribution of buprenorphine both occurred on November 5, 2009, while the offense of possession with intent to distribute marijuana occurred on November 14, 2009.
DISCUSSION[4]
On appeal, the defendant contends that the sentences imposed were unconstitutionally excessive, particularly since the trial court failed to consider the mandatory sentencing guidelines of LSA-C.Cr.P. art. 894.1, failed to articulate a factual basis for the sentences, and failed to state considerations taken into account in imposing sen *304 tence.[5] Under such circumstances, he argues that the trial court erred in denying his motion to reconsider sentence without a hearing.
The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. Even when a sentence is within statutory limits, it may be unconstitutionally excessive. See State v. Sepulvada, 367 So.2d 762, 767 (La.1979). A sentence is considered unconstitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a |4purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it shocks the sense of justice. State v. Andrews, 94-0842 (La. App. 1st Cir.5/5/95), 655 So.2d 448, 454. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. See State v. Wilkinson, 99-0803 (La.App. 1st Cir.2/18/00), 754 So.2d 301, 303, writ denied, 2000-2336 (La.4/20/01), 790 So.2d 631.
Louisiana Code of Criminal Procedure article 894.1 sets forth items that should be considered by the trial court before imposing sentence. Although a trial court need not recite the entire checklist of Article 894.1, the record must reflect that it adequately considered the criteria. Wilkinson, 754 So.2d at 303. However, the goal of Article 894.1 is the articulation of the factual basis for a sentence, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475, 478 (La.1982). Therefore, even in the absence of adequate compliance with Article 894.1, it is not necessary to remand the matter for resentencing when the sentence imposed is not apparently severe in relation to the particular offender or the particular offense. Even when a trial court assigns no reasons, the sentence will be set aside on appeal and remanded for resentencing only if the record is either inadequate or clearly indicates that the sentence is excessive. See LSA-C.Cr.P. art. 881.4 D; State v. Harris, 601 So.2d 775, 778-79 (La.App. 1st Cir.1992).
In the instant case, for the defendant’s convictions for distribution of marijuana and possession of marijuana with intent to distribute, he was exposed to a term of imprisonment at hard labor of not less than five nor more than thirty years and a fine of not more than $50,000.00. See LSA-R.S. 40:966 B(3). For his conviction of distribution of buprenorphine, the defendant was exposed to a term |sof imprisonment at hard labor of not more than ten years and a fíne of not more than $15,000.00. See LSA-R.S. 40:968 B. The *305 trial court sentenced the defendant on each of these convictions to ten years at hard labor, but suspended five years of each sentence and placed the defendant on probation for five years upon his release. Additionally, the trial court imposed a fine of $500.00 for each conviction. Both the terms of imprisonment and the fines were made concurrent with each other.
The defendant argues that the trial court erred in failing to consider the factors delineated in Article 894.1, which would have revealed numerous factors mitigating in favor of an entirely probated sentence, a sentence of home incarceration or, at the least, a term of imprisonment of less than five years. In support of this contention, the defendant reviews each of the factors listed in Article 894.1 and its purported application to this ease. Among the numerous mitigating factors he alleges are his youth, the non-violent nature of the offenses, his remorsefulness, and his minor prior criminal history. The defendant further argues that lesser sentences would not depreciate the seriousness of his offenses in view of the small amount of marijuana involved, which resulted in a drug sale of only $200.00.
Further, the defendant maintains that incarceration will create an excessive hardship upon him because he is the sole proprietor of his own business and also assists in the care of his disabled mother. As further mitigation, he notes that his father passed away when he was a toddler and that he was diagnosed with Attention Deficit and Hyperactivity Disorder when he was two years old, leading to years of struggle. In view of these circumstances, as well as additional mitigating factors he cites in brief, the defendant contends that the sentences imposed were unconstitutionally excessive.
| BIn imposing sentence upon the defendant and his co-defendant, Douglas, the trial court acknowledged their youthful ages of 22 and 28, respectively, and remarked that they had “started out on the wrong path,” and were “way too young to have been involved in the type of activities that [they] have been involved in.” The trial court further indicated that it considered the sentences very lenient and was giving the defendant and Douglas “the benefit of trying to turn around and do something for [themselves] ...” in view of their youthful ages. No further sentencing reasons were given.
As noted by the defendant, the trial court failed to state that it had considered the sentencing guidelines of Article 894.1. Nevertheless, despite the trial court’s failure to more fully articulate the factual basis for defendant’s sentences, our review indicates that the sentences are not apparently severe in relation to the particular offender or the particular offenses. For his conviction of distribution of buprenor-phine, he was sentenced to ten years imprisonment at hard labor, which was the maximum term of imprisonment allowed. As a general rule, maximum sentences are reserved for the worst offenders and the worst offenses. See State v. James, 2002-2079 (La.App. 1st Cir.5/9/03), 849 So.2d 574, 586. However, while the maximum term of imprisonment was imposed, the trial court suspended one-half of the sentence. Moreover, although the trial court could have imposed a fine of up to $15,000.00, it only imposed a nominal fine of $500.00. See LSA-R.S. 40:968 B.
As to the ten-year terms of imprisonment imposed for the defendant’s convictions for distribution of marijuana and possession of marijuana with intent to distribute, these sentences fall well within the lower range of possible sentences. Moreover, the trial court suspended one-half of each of these sentences. The trial court also imposed only a minimal fine of *306 $500.00 on each conviction, although a fíne of up to $50,000.00 could have been imposed on each conviction. 17Additionally, rather than making these sentences consecutive to the defendant’s sentence for distribution of buprenorphine, the trial court instead ordered that all the sentences be served concurrently. See LSA-C.Cr.P. art. 888.
The record reflects that the trial court considered defendant’s youth in imposing what the court considered to be very lenient sentences. The defendant also alleges that his minor criminal history is a mitigating factor not properly considered by the trial court. In his brief, he alleges that his only prior criminal history, other than a possible misdemeanor offense of trespassing on a beach, were charges of simple burglary, possession of burglary tools, and possession of marijuana, but that these charges were dismissed after he successfully completed a pretrial diversion program. However, even if the defendant’s criminal history was as alleged, this fact does not advance his cause. In our view, the defendant committing the instant drug-related crimes after being given the benefit of participating in a pretrial diversion program, as he alleges he did, would demonstrate a troubling propensity for criminality. As such, it would largely refute his assertion that the entirety of his sentences should have been probated because he would likely respond well to probation and there is no undue risk that he would commit another crime. We further note that, despite the defendant’s claim of remorsefulness, no indication of such was expressed by the defendant either at the sentencing hearing or elsewhere in the record.
On appellate review of a sentence, the relevant question for the reviewing court is whether the trial court abused its broad sentencing discretion, and not whether other sentences might have been more appropriate. State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608 (per cu-riam). Based upon our review, we find that, although the trial court articulated only minimal sentencing reasons, the sentences are not apparently severe and are supported by the record. Accordingly, a remand for full compliance with article 894.1 is not necessary. | ¡¡Defendant engaged in a course of criminal conduct that resulted in the commission of three offenses within a period of less than two weeks. Further, the trial court suspended all but five years on each term of imprisonment. Five years is the statutory minimum for two of the defendant’s sentences and at the mid-point of possible sentences for the remaining sentence. Moreover, the trial court made the sentences concurrent, and imposed only minimal fines. Under the circumstances, the defendant’s sentences were neither disproportionate to the seriousness of the offenses nor shocking to our sense of justice. Even in light of the mitigating factors urged by the defendant, we cannot find that the trial court abused its wide discretion in imposing sentence or in denying the defendant’s motion to reconsider sentence. The sentences imposed were not unconstitutionally excessive.
We also find no merit in the defendant’s argument that the trial court erred in failing to order a presentence investigation report (PSI). After the defendant entered his guilty pleas in this case, his counsel waived the statutory sentencing delay. In waiving this delay, it was implicit that no PSI would be ordered since the defendant was to be sentenced immediately. We further note that the defendant does not contend that he requested the preparation of a PSI, as he could have done. In any event, the ordering of a PSI lies within the discretion of the trial court. *307 LSA-C.Cr.P. art. 875 A(1); State v. Johnson, 604 So.2d 685, 698 (La.App. 1st Cir. 1992), writ denied, 610 So.2d 795 (La.1993).
Finally, the defendant’s contention that the trial court erred in denying his motion to reconsider sentences without a hearing also lacks merit. Pursuant to LSA-C.Cr.P. art. 881.1 D, a trial court may deny a motion to reconsider a sentence without a contradictory hearing. Accordingly, the defendant was not entitled to a hearing. See State v. Pursell, 2004-1775 (La.App. 1st Cir.5/6/05), 915 So.2d 871, 873. For the above reasons, defendant’s assignments of error lack merit.
CONVICTIONS AND SENTENCES AFFIRMED.

. Brandon L. Douglas was charged in the same bill of information with the same offenses, and pled guilty to those offenses at the same time that the defendant entered his guilty pleas.

. Timothy E. Alford and Monique C. Meilleur were charged in the same bill of information with the same offense. However, the bill was later amended to reduce the charge against Meilleur to possession of marijuana. The record does not indicate the disposition of the charges against Alford and Meilleur.

. While we question the procedure of establishing a factual basis for a plea by stipulation, the defendant has not assigned as error that his plea was not knowing or voluntary.

. Since all of the defendant's assignments of error are closely related, they will be considered collectively.

. The state asserts in brief that the defendant is prohibited from challenging his sentences on appeal because the sentences were imposed as a result of a plea agreement. This assertion is not supported by the record. Louisiana Code of Criminal Procedure article 881.2 A(2) prohibits a defendant from appealing a sentence imposed pursuant to a plea agreement if that agreement is “set forth in the record at the time of the plea.” Prior to accepting the defendant's guilty pleas in the instant case, the trial court indicated to all three men pleading guilty at that time that it understood their pleas were the result of discussions between the prosecutor, their attorneys and the court. The court further stated that, "The substance of that plea agreement will be disclosed when I impose your sentence ...” Thereafter, no further mention was made of any plea agreement. Therefore, since no plea agreement was set forth in the record at the time the defendant entered his guilty pleas, LSA-C.Cr.P. art. 881.2 A(2) does not prohibit the defendant from now appealing the sentences imposed.