PETTIGREW, J.
The defendant, Avery Honea, was charged by grand jury indictment with armed robbery with a firearm, a violation of La. R.S. 14:64, and use of a firearm in the commission of an armed robbery, a violation of La. R.S. 14:64.3.[1] The defendant pled not guilty and, following a jury trial, was found guilty as charged (on both charges). For the armed robbery conviction, the defendant was sentenced to 45 years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence; for the additional penalty of use of a firearm in the commission of the armed robbery, the defendant was sentenced to 5 years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The sentences were ordered to run consecutively. The defendant filed a motion to reconsider sentence, which was denied. The defendant now appeals, designating three assignments of error. We affirm the convictions and sentences.
FACTS
In the early morning hours of December 11, 2013, Ivan Graham and Bryton Montelaro went to the house of the defendant, who was Ivan's cousin. Demarcus James and Aaron Hargrove were also at the defendant's *1120 house. The men made plans to rob Jared Vincent, who sold marijuana from his apartment in Baton Rouge. Jared lived with his friend, Leonard Wyatt. Demarcus and Ivan texted Jared and set up deals to purchase marijuana. With Ivan driving a Dodge Ram truck, all five men went together to Jared's apartment. The defendant, Demarcus, and Aaron, who apparently were all armed, got out of the truck, while Ivan and Bryton stayed in the truck. A short time later, shots were fired inside Jared's apartment. Jared was killed, and Leonard was shot in the back, but survived. Demarcus had also been shot; he was dropped off that night at a hospital in Gonzales.[2] It appears Leonard's gun was taken from the apartment that night.
The defendant did not testify at trial.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
In these related assignments of error, the defendant argues, respectively, that the trial court erred in denying his motion to reconsider sentence and that his sentence is unconstitutionally excessive.
The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Andrews, 94-0842 (La. App. 1 Cir. 5/5/95), 655 So.2d 448, 454. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. See State v. Holts, 525 So.2d 1241, 1245 (La. App. 1 Cir. 1988). Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of Article 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. State v. Brown, 2002-2231 (La. App. 1 Cir. 5/9/03), 849 So.2d 566, 569.
The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475, 478 (La. 1982). The trial judge should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. See State v. Jones, 398 So.2d 1049, 1051-52 (La. 1981). Even when a trial court assigns no reasons, the sentence will be set aside on appeal and remanded for resentencing only if the record is either inadequate or clearly indicates that the sentence is excessive. See La. Code Crim. P. art. 881.4(D) ; State v. Knight, 2011-0366 (La. App. 1 Cir. 9/14/11), 77 So.3d 302, 304, writ denied, 2011-2240 (La. 2/17/12), 82 So.3d 283. On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another *1121 sentence might have been more appropriate. State v. Thomas, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam).
With a maximum sentencing exposure of 104 years imprisonment, the defendant was sentenced to fifty years at hard labor (45 years for the armed robbery conviction, plus 5 years to be served consecutively under the additional penalty provision of armed robbery with the use of a firearm) without the benefit of parole, probation, or suspension of sentence. See La. R.S. 14:64(B) and La. R.S. 14:64.3(A). The defendant argues in brief that his (cumulative) 50-year sentence is excessive because he was only 17 years old at the time of the offense, he was not the primary planner or major participant in the offense, and he will likely be confined for the remainder of his natural life.
Considering the nature of the crime, and the fact that the imposed (cumulative) sentence was 54 years less than the statutorily allowed maximum sentence(s), we find no abuse of discretion by the trial court. The sentence is not apparently severe and is supported by the record. The defendant engaged in a course of criminal conduct that resulted in one victim being shot (but who survived), and another victim being shot and killed. See Knight, 77 So.3d at 306. Under these facts, it appeared the defendant could have faced a charge for second degree murder (and a second charge for attempted second degree murder). The trial court noted as much when, in sentencing the defendant, it stated:
He was convicted by a jury of his peers for armed robbery; an armed robbery which he helped plan, which he participated in, and which ended up in a murder. And he could have just as easily, in my opinion, been charged with second-degree murder as he was with armed robbery.
Accordingly, the 50-year (cumulative) sentence is not grossly disproportionate to the severity of the offense and, therefore, is not unconstitutionally excessive. The trial court did not abuse its discretion in denying the motion to reconsider sentence.
These assignments of error are without merit.
ASSIGNMENT OF ERROR NO. 3
In his third assignment of error, the defendant argues that a 50-year sentence without parole eligibility for a juvenile offender convicted of a nonhomicide offense is illegal because it does not provide a meaningful opportunity for release.
According to the defendant, his 50-year sentence is "effectively a life sentence" without a meaningful opportunity for release. Thus, defendant argues, under Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), his sentence is illegal. The defendant relies on State ex rel. Morgan v. State, 2015-0100 (La. 10/19/16), 217 So.3d 266, 269-70, which found that the defendant's 99-year sentence for the conviction of a singular offense was impermissible under Graham because it was an effective life sentence. According to the Morgan court, as applied to the 17-year-old defendant, a 99-year sentence without the benefit of parole was illegal because it denied the defendant a meaningful opportunity for release based on demonstrated maturity and rehabilitation. Morgan, 217 So.3d at 271-72. Likewise, according to the defendant, he will have to serve the entirety of his 50-year sentence without any consideration for parole eligibility. Thus, the defendant avers, this court should vacate his sentence and remand for resentencing pursuant to the applicable parole provisions of La. R.S. 15:574.4(D).
In Graham, 560 U.S. at 82, 130 S.Ct. at 2034, the Supreme Court held that the Constitution prohibits the imposition of a life without parole sentence on a juvenile *1122 offender who did not commit homicide. In State v. Shaffer, 2011-1756 (La. 11/23/11), 77 So.3d 939, 942 (per curiam), our supreme court found that Graham required the defendants, and all other persons similarly situated, to have a meaningful opportunity to secure release as a regular part of the rehabilitative process. See State v. Graham, 2014-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, 279, writ denied, 2015-1028 (La. 4/8/16), 191 So.3d 583.
In Morgan, 217 So.3d at 267, the defendant, who was convicted of armed robbery committed when he was 17 years old, was sentenced to 99 years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The Morgan court sought to determine whether a 99-year sentence without parole violated the categorical rule established in Graham. Morgan, 217 So.3d at 270. The Morgan court noted that in response to the Graham decision, the Louisiana legislature amended La. R.S. 15:574.4(D)(1), providing, in pertinent part:
Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment who was under the age of [18] years at the time of the commission of the offense, except for a person serving a life sentence for a conviction of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ), shall be eligible for parole consideration pursuant to the provisions of this Subsection if all of the following conditions have been met:
(a) The offender has served [30] years of the sentence imposed[3 ][; and]
(b) The offender has not committed any major disciplinary offenses in the [12] consecutive months prior to the parole hearing date ....
Morgan, 217 So.3d at 271.
Our supreme court in Morgan noted that to date, State v. Brown, 2012-0872 (La. 5/7/13), 118 So.3d 332 had been the only case in which it had considered Graham's applicability to a sentence other than an actual life term. In Brown, a 16-year-old defendant had committed and was subsequently convicted of five nonhomicide offenses (aggravated kidnapping and four counts of armed robbery). The district court sentenced him to life imprisonment "without benefit" plus four consecutive 10-year terms, also "without benefit;" effectively a sentence of life plus 40 years without parole. Brown, 118 So.3d at 333-34. After the district court, pursuant to Graham , amended all his sentences to delete the parole eligibility restrictions, the Brown court found the issue was "whether, and to what extent" Graham applied in a case in which a juvenile offender had "committed multiple offenses resulting in cumulative sentences matching or exceeding his life expectancy without the opportunity [for] ... parole." Brown, 118 So.3d at 335. The Brown court found it dispositive that the defendant was sentenced for multiple convictions, and it decided that although he would be parole-eligible on his life sentence after 30 years, his consecutive terms of years would remain intact and he would in fact have to wait until age 86 to become parole-eligible.[4] See Morgan , 217 So.3d at 271.
*1123 The Morgan court distinguished Brown , finding that the defendant's 99-year sentence (in Morgan ) was "an effective life sentence, illegal under Graham . " Morgan, 217 So.3d at 271. The Morgan court noted that the defendant had been convicted of a single offense and sentenced to a single term, whereas the defendant in Brown had received lengthy term-of-year sentences because he had committed five offenses. Morgan, 217 So.3d at 271-72.
The Morgan court noted that the defendant would not become parole-eligible until 2082, after reaching the age of 101. Morgan, 217 So.3d at 274. If this sentence were permissible under Graham , the Morgan court posited, the defendant would remain incarcerated for the duration of his life, even as fellow inmates convicted of more serious offenses became parole-eligible after serving 30 years. Morgan, 217 So.3d at 274. In finding no practical difference, in terms of actual length of imprisonment, between a life sentence and the 99-year sentence at issue, and noting that nothing in Graham was offense-specific, aside from the homicide/nonhomicide distinction, the Morgan court held that a 99-year sentence was "the functional equivalent of life without parole," and therefore illegal under Graham . Morgan , 217 So.3d at 274-76.
The Morgan court then, in addressing the applicability of La. R.S. 15:574.4(D) to the defendant, opined:
Thus, considerations of equity and consistency require that La. R.S. 15:574.4(D) be construed as applicable not just to those juvenile offenders serving a sentence of life for a nonhomicide offense, but also to those, like the defendant, serving an effective life sentence for a single nonhomicide offense which the legislature deems not so serious as to warrant an automatic life sentence. To conclude otherwise would be to sanction the harsher punishment of those deemed less culpable by the legislature than of those now indisputably entitled to parole-eligibility under present law.
Morgan, 217 So.3d at 275-76.
Accordingly, the Morgan court ordered the deletion of the defendant's parole ineligibility and ordered that he be designated as parole-eligible in accordance with La. R.S. 15:574.4(D). Morgan, 217 So.3d at 277.
In the instant matter, we do not find that the defendant's sentence is illegal under Graham , as interpreted by Morgan . Morgan specifically found that a 99-year sentence was the functional equivalent of a life sentence and, therefore, illegal under Graham . And it was because such a sentence was tantamount to a life sentence that the Morgan court applied La. R.S. 15:574.4(D) to the defendant. Here, the defendant was sentenced to (a total of) 50 years imprisonment at hard labor without the benefit of parole. We do not find that a 50-year sentence is an effective life sentence. Moreover, the defendant may be eligible for actual release after 30 to 40 years of custody (depending on "good time" earned and other factors). See La. R.S. 15:571.3(B)(2)(a).[5] It is noteworthy that both prior and subsequent to *1124 the newest amendment to La. R.S. 15:574.4, the legislature has specifically carved out an exception to parole eligibility consideration regarding the crime of armed robbery. Louisiana Revised Statutes 15:574.4(B)(1) provides, in pertinent part: "No person shall be eligible for parole consideration who has been convicted of armed robbery and denied parole eligibility under the provisions of R.S. 14:64." Accordingly, unlike the defendant in Morgan, we do not find La. R.S. 15:574.4(D) to be applicable to the defendant herein, since the defendant's current sentence already provides, under Graham and Morgan , some realistic opportunity to obtain release before the end of his term.
This assignment of error is without merit.
For the above and foregoing reasons, we affirm the defendant's convictions and sentences.
CONVICTIONS AND SENTENCES AFFIRMED.

There were six co-defendants, including the defendant, listed in the grand jury indictment. Under Count 1, the defendant, Aaron Hargrove, Demarcus James, Bryton Montelaro, and Ivan Graham were charged with second degree murder of Jared Vincent, a violation of La. R.S. 14:30.1. Under Count 2, Aaron Hargrove was charged with attempted second degree murder of Leonard Wyatt, a violation of La. R.S. 14:30.1 and 14:27. Under Count 3, Patrick Anderson was charged with obstruction of justice by tampering with evidence, a violation of La. R.S. 14:130.1(B)(1). The indictment was subsequently amended to charge the defendant with only armed robbery with a firearm.

Demarcus James was convicted of the second degree murder of Jared Vincent. His sentence and conviction were affirmed by this court on February 27, 2018. See State v. James, 2017-1253 (La. App. 1 Cir. 2/27/18), 243 So.3d 717.

The latest amendment to this provision provides that the offender serve twenty-five years of the sentence imposed. See La. R.S. 15:574.4(D)(l)(a) (as amended by 2017 La. Acts 277, § 1 (effective August 1, 2017) ).

In the instant matter, the State in brief suggests that because the defendant received two sentences to run consecutively (45 years plus 5 years), his case is governed by Brown ; that is, the defendant cannot aggregate his sentences in support of a Graham claim. Such an argument, the State avers, is foreclosed by Brown 's principle that the aggregation of multiple sentences cannot create an effective life sentence. We do not agree. We do not think that the Brown court had in mind, nor do we consider, that the 5-year "additional penalty" sentence under La. R.S. 14:64.3 is anything like the multiple, aggregated sentences (5 total) that were at issue in Brown . This extra 5-year sentence in the instant case is simply a mandatory additional penalty and is more in the nature of a sentencing enhancement (to La. R.S. 14:64 ) rather than an aggregation of sentences.

An offender convicted of a crime of violence, without a prior conviction of a crime of violence or a sex offense, shall earn diminution of sentence at a rate of one day for every three days in actual custody held on the imposed sentence. See La. R.S. 15:571.3(B)(2)(a).