447 So.2d 98 (1984)
STATE of Louisiana
v.
Terry SIMPSON and Alex Armstead.
No. KA 1031.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1984.
*99 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John H. Craft, William R. Campbell, Jr., Asst. Dist. Attys., New Orleans, for State of La., plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for Terry Simpson and Alex Armstead, defendants-appellants.
Before WARD, BYRNES, and AUGUSTINE, JJ.
WARD, Judge.
Terry Simpson and Alex Armstead were charged by Bill of Information with two counts of simple burglary of an automobile and one count of illegal possession of stolen property. Both defendants pleaded not guilty to all counts. A jury found them guilty of one of the two counts of simple burglary and guilty of illegal possession of stolen property. Both were acquitted of the second count of simple burglary. Each was sentenced as a second offender to serve five years in prison for the burglary conviction and two years concurrently for the conviction of possession of stolen things.
On appeal, Simpson and Armstead request this Court to review the record for errors patent. We find no errors patent on the record and affirm the judgment of the Trial Court.
When a defendant requests this Court to review the record for errors patent, we also review for sufficiency of evidence. State v. Raymo, 419 So.2d 858 (La.1982). Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, defines United States Constitutional standards of review which requires a reviewing appellate court to examine the evidence "in the light most favorable to the prosecution" to determine whether "any rational trier of fact could have found the essential elements of crime proven beyond a reasonable doubt." 443 U.S. at 319, 99 S.Ct. at 2789. State v. West, 408 So.2d 1302 (La.1982); State v. Fuller, 414 So.2d 306 (La.1982).
The essential elements of simple burglary are:
1) an unauthorized entry of a vehicle
2) with the intent to commit a felony or any theft therein. La.R.S. 14:62.
The elements of the offense of illegal possession of stolen things are:
(1) the intentional procuring, receiving, or concealing
(2) of anything of value
(3) which has been the subject of any robbery or theft

*100 (4) under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. La.R.S. 14:69.
At trial, the prosecution presented the testimony of the two New Orleans police officers who investigated the crime. They testified that shortly after midnight on August 24, 1982, they received a radio call from the police dispatcher that an anonymous source had reported two men "going in and out of" a white car in a parking lot on North Claiborne Avenue near the Famous Disco. One of the suspects was described as wearing blue jeans and a white tee shirt; the other, white shorts and a blue top. As the two officers approached the Famous Disco, they observed Simpson and Armstead dressed in a manner that fitted the radio dispatch description and standing near a white 1977 Charger, which they later learned belonged to Armstead. As the police officers parked their vehicle, Simpson swung into the passenger's seat of Armstead's car while Armstead remained outside. When they approached the car to investigate, they observed automobile stereo equipment with torn wires under Simpson's feet on the floor of Armstead's vehicle, a penlight, and a screwdriver in Armstead's pockets, and a coat hanger on the ground at his feet.
Next to the Armstead car they found a 1974 red Mustang, open and ransacked, and nearby, a white 1977 Buick Regal, in like condition.
Wade Matthews, the owner of the white Buick Regal, testified that he had locked his car before entering the nightclub that evening. When he returned to his car, he saw that his radio cassette and power booster were missing and his glove compartment had been broken into. Matthews testified that the radio cassette and power booster which the officers removed from Armstead's car belonged to him, and that the equipment was worth over $200.00.
Jonathan Jenkins, the owner of the red Mustang, testified that he had also locked his car before he left for the disco. When he returned he found his car had been entered into and the dashboard destroyed, but the thieves could not remove the radio because of the way it was mounted in the dashboard.
Both of the defendants gave similar testimony. Simpson had met Armstead at the disco. After Armstead agreed to give Simpson a ride home, they had gone to the parking lot where they saw someone run from Armstead's car. Armstead gave chase while Simpson waited in the vehicle, putting his feet on the stereo equipment lying on the floor only because there was nowhere else to put them. They later observed the glove compartment of Armstead's car had been opened and someone had tampered with the wires to the cassette. Both contradicted the police and testified that the tools were found in the trunk of Armstead's car, rather than in his pockets as the police officers testified. In essence, the defense is that the perpetrator of the crimes was the person whom they saw run from Armstead's car before the police officers arrived on the scene.
The jury convicted the defendants of the burglary of the stereo equipment from Matthews' white Buick and possession of the Matthews' stereo equipment found with Simpson in Armstead's car. The defendants were found not guilty of the burglary of Jenkin's car.
Viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could find the elements of both crimes proven beyond a reasonable doubt. As to burglary, a reasonable trier of fact could readily conclude there was an unauthorized entry of the white Buick, and that at the time of the entry there was an intent to commit a theft therein. As to possession of stolen things, although possession alone does not give rise to a presumption that the person receiving it knew it was stolen, State v. Nguyen, 367 So.2d 342 (La.1979), the circumstances surrounding the possession in this case could readily lead a rational trier of fact to conclude both defendants were the *101 thieves, received the property, and knew it to be stolen.
We affirm the conviction of both defendants of both crimes.