525 So.2d 1241 (1988)
STATE of Louisiana
v.
James Bernard HOLTS.
No. 87 KA 1409.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
*1242 Thomas J. Ford, Franklinton, William Campbell, New Orleans, for plaintiff-appellee.
James Looney, Covington, for defendant-appellant.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
James Bernard Holts was charged in a single bill of information with one count of simple burglary, in violation of LSA-R.S. 14:62, and one count of theft of property having a value in excess of $500.00, in violation of LSA-R.S. 14:67. He was tried by a jury, which convicted him as charged on each count. Thereafter, the state filed a bill of information charging that defendant was a multiple offender. After a hearing, the trial court found that defendant was a second felony offender and sentenced him *1243 to serve concurrent terms of ten years at hard labor for the conviction of simple burglary and five years at hard labor for the conviction of theft. Defendant appealed, alleging three assignments of error, as follows:
1. The evidence was insufficient to sustain the conviction.
2. The sentences are excessive.
3. The convictions must be reversed because of error patent on the face of the record.

FACTS
Both offenses occurred on the same evening in Bogalusa, Louisiana. Defendant was charged with the theft of a 1984 Chevrolet Silverado truck belonging to Everett Jenkins and the burglary of an automobile belonging to Shirley Brooks.
Mr. Jenkins testified that, shortly after 10:00 p.m., he parked his truck outside of a lounge named Polo Capo's and went inside to drink a beer. He left the keys inside the truck; possibly, the door was open as well. A shotgun and a box of shells were in the truck. When he returned about ten minutes later, he discovered the truck was missing. After a brief search, the owner of the lounge called the Bogalusa City Police. A description of the stolen truck, including the license plate number, was broadcast to the officers on patrol.
Shirley Brooks testified that she parked her car outside of Graham's Cafe at approximately 2:00 a.m. and went inside for a cup of coffee. When she left the cafe, she was accompanied by two women, Jeanette Starnes and Angela Jones. As she walked out of the cafe, Ms. Brooks saw a medium-sized black male near her car. He jumped up and ran away as the women approached.
Ms. Starnes testified that Angela Jones walked out of the cafe slightly ahead of her. She heard Ms. Jones shout something and saw a black male, who had been at the side of Ms. Brooks's car, jump up and run away. She testified that the man wore dark clothes and a white hat and shoes.
Ms. Jones testified that she saw a light on inside of Ms. Brooks's car and shouted to the others. She related that, after she shouted to the others, a black male jumped up, slammed the car door shut, and ran away. She confirmed Jeanette Starnes's description of the man's attire, adding that the shirt was a short-sleeved tee shirt, possibly dark blue.
Ms. Brooks reported the incident to the police, and Officer Gene Crosby responded to a call. Ms. Brooks told him that a jacket and a carton of cigarettes had been taken from her car. She described the jacket as a maroon windbreaker with a cigarette burn on the left sleeve.
Sgt. Willis Yarbrough testified that he was the officer who responded to the call concerning Mr. Jenkins's truck. Approximately four and one-half hours later (shortly before 3:00 a.m.), he saw the truck parked outside of Graham's Cafe. He notified other officers and parked his patrol car where he could watch the stolen truck. About twenty minutes later, he saw a black male enter the truck. As the man drove off, Sgt. Yarbrough called for assistance, turned on his signal lights, and began to follow the truck. The driver ignored the signal to stop and increased his speed.
Several other officers joined the pursuit. Officer Gene Crosby testified that he followed the stolen truck down a side street after the driver turned off to avoid another police car that was blocking his path. The driver eventually stopped the truck, jumped out, and fled on foot across a vacant lot. Officer Crosby chased the driver, a black male wearing dark clothing and white tennis shoes, across the lot. Officer Crosby related that he shouted at the man to stop, but the man continued his flight. Officer Crosby heard Lt. Denver Penton order the suspect to stop; and he heard two warning shots after the order. He arrived at the scene to find Lt. Penton standing over a black male who was lying on the ground. The man was dressed in the same manner as the person who had jumped out of the stolen truck.
Lt. Denver Penton testified that the suspect surrendered after the warning shots were fired. He identified defendant as that person and further testified that he *1244 had been acquainted with defendant for several years.
Patrol Captain Wayne Kemp searched defendant and found three shotgun shells (similar to those that had been left by Jenkins in the cab of his truck) in defendant's left front pocket. Officers Crosby and Yarbrough searched the truck after it had been towed to the police department's impounding lot. Inside the cab, they found a maroon jacket with a cigarette burn on the left sleeve.

SUFFICIENCY OF THE EVIDENCE
By assignment of error number one, defendant submits that the evidence is not sufficient to sustain the verdict. Defendant admits that the state proved the occurrence of a burglary and a theft. He contends, however, that the state failed to establish that he was the perpetrator.
The proper method to raise the issue of insufficient evidence is by motion for post verdict judgment of acquittal pursuant to LSA-C.Cr.P. art. 821. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983). The record does not reflect that defendant made such a motion. Nevertheless, a reviewing court, in spite of defendant's failure to proceed properly, must consider the evidence to determine whether or not it meets the constitutional standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), now codified in art. 821, when the issue is briefed pursuant to a formal assignment of error. State v. Bell, 442 So.2d 715 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1244 (La.1984). The standard set forth in Article 821 is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Walker, 447 So.2d 54 (La.App. 1st Cir.1984). Where the key issue is a defendant's identity as the perpetrator, rather than whether or not the crimes were committed, the state is required to negate any reasonable probability of misidentification. State v. Richardson, 459 So.2d 31 (La.App. 1st Cir.1984).
Defendant contends that the evidence was insufficient to prove that he committed the burglary of Ms. Brooks's car because none of the witnesses testified that the man they saw running away from the car carried the items taken from inside the car. He claims, therefore, that it is possible that the women simply startled someone who had been standing near the car and, thus, there was no proof that this man was the same person who had committed the burglary. This argument has no merit. Angela Jones testified that she saw that the light was on inside Ms. Brooks's car as she preceded Shirley Brooks and Jeanette Starnes out the door of Graham's Cafe. She further testified that, as she shouted to the others, the man slammed the car door shut and ran away. Therefore, although none of the witnesses actually saw someone inside the car, the fact that the individual they saw beside the car closed the door and ran away belies the assertion that his presence was innocent. Moreover, although none of the witnesses testified that the man carried items as he ran, items stolen from the car were found in the truck he abandoned. Defendant was in view of the police almost constantly from the time he abandoned the property until he was apprehended. Although none of the officers testified that the suspect chased across the lot wore a white hat during the chase, their descriptions of his clothing were otherwise identical to the descriptions of the clothing of the person seen near Ms. Brooks's car. We find, therefore, that the state's evidence negated any reasonable probability that defendant was not properly identified as the person who committed the burglary of Ms. Brooks's car.
Defendant also contends that the state failed to prove that he committed the theft of the truck belonging to Mr. Jenkins. He submits that the officers who identified him from their pursuit of the stolen truck could not positively state that he was the driver because each of the officers testified that he either lost sight of the suspect or came into the chase after the footchase had begun. This argument has no merit. Officer Crosby testified that the subject of the *1245 chase was outside his field of vision for only a few seconds between the time he heard Lt. Penton fire the warning shots and his first sight of defendant lying on the ground at Lt. Penton's feet. Only one person jumped from the truck. Lt. Penton testified that he did not see anyone else running in that area. Although Lt. Penton did not participate in the footchase, he testified that he was in radio contact with the officers who were chasing defendant and was aware of the direction in which the suspect was travelling. The incident occurred at approximately 3:00 a.m., a time when street traffic was undoubtedly at a minimum. The person who entered the stolen truck was in view of the officers almost every second from the time he entered the truck outside of Graham's Cafe until he was captured. The clothing worn by the man captured after the chase matched the description of the clothing worn by the person who was seen entering the truck while it was parked outside of the cafe. A search of his person revealed three shotgun shells of the same size and type as those left in the cab of the truck by its owner.
Defendant further complains that the evidence is not sufficient because the statutory presumption that a person in unexplained possession of stolen property is the thief is not applicable. He contends that this presumption, contained in LSA-R. S. 15:432, cannot be applied to a charge relating to the burglary of Ms. Brooks's car because the Louisiana Supreme Court had determined that it is inapplicable in prosecutions for burglary. See State v. Searle, 339 So.2d 1194 (La.1976). He contends that the presumption is not applicable to the charge relating to the theft of Mr. Jenkins's truck because it pertains to the possession of recently stolen property; herein, he was discovered to be in possession of the truck approximately five hours later, by which time he claims the property could no longer be considered "recently" stolen.
These arguments are without merit. The court did not include this presumption in its charge to the jurors. Although the assistant district attorney fleetingly alluded to the fact that defendant was in possession of the truck as circumstantial evidence tending to prove that he had stolen it, it is apparent that this brief comment was not designed to direct the attention of the jurors to the legal presumption; and they remained unaware of it. However, defendant's possession of the stolen property could be properly considered by the jury as one of the circumstances tending to prove his guilt. See e.g., State v. Ford, 489 So.2d 1250 (La.1986), vacated on other grounds, ___ U.S. ___, 107 S.Ct. 1272, 94 L.Ed.2d 133 (1987). See also State v. Simpson, 447 So.2d 98 (La.App. 4th Cir.1984).
We find, therefore, that any rational trier of fact could have found that the state presented sufficient evidence that defendant was guilty of the burglary of Ms. Brooks's car and the theft of Mr. Jenkins's truck. This assignment of error has no merit.

EXCESSIVE SENTENCE
By assignment of error number two, defendant submits that the sentences imposed were excessive. He acknowledges that the sentences are actually not in the higher ranges of those that could be imposed for these offenses, especially in light of defendant's status as a second felony offender. He complains only that the record does not contain evidence that the trial court complied with the provisions of LSA-C.Cr.P. art. 894.1 and, thus, this court cannot determine whether or not the court individualized the sentences with regard to these offenses and this offender.
The trial court is given wide discretion in the imposition of sentence within statutory limits, and a sentence imposed should not be set aside as excessive in the absence of a manifest abuse of this discretion. State v. Abbott, 489 So.2d 1064 (La. App. 1st Cir.1986). A trial court's reasons in imposing sentence, as required by LSA-C.Cr.P. art. 894.1, are an important aid to this court in reviewing a sentence alleged to be excessive. State v. Christy, 509 So. 2d 829 (La.App. 1st Cir.), writ denied, 513 So.2d 296 (La.1987). Although the trial *1246 court need not recite the entire checklist of art. 894.1, the record must reflect that the court adequately considered the guidelines. Id. However, even in the absence of adequate compliance with the mandate of Article 894.1, it is not necessary for this court to remand the matter for resentencing in compliance with the article when the sentence imposed is not apparently severe in relation to the particular offender or the particular offense. State v. Davis, 448 So. 2d 645 (La.1984).
In imposing sentence, the trial court noted that it had reviewed the contents of a presentence investigation report relating to defendant and had provided an opportunity to defense counsel to object to the contents. Defense counsel specifically advised the court on the record that he had reviewed the contents of this report and had no objection to it. According to that report, defendant committed the instant offenses within six weeks of the date he was paroled from sentences imposed for previous convictions for theft and receiving stolen things. Although the charges were apparently dismissed by the office of the district attorney after the instant convictions, defendant had also been charged with armed robbery, the aggravated kidnapping of a deputy sheriff, and the simple battery of a deputy sheriff. Moreover, the record reflects that defendant's actions jeopardized the safety of the police officers involved in his pursuit as well as any other citizens who might have been in his path.
We find, therefore, that the sentences are not apparently severe in relation to this offender and these offenses. This assignment of error has no merit.

PATENT ERROR
In his third assignment of error, defendant claims that the convictions must be reversed because of error patent on the face of the record. Defendant does not allege a particular error; nor does he support this claim with statutory authority or references to the record. Therefore, this allegation, which fails to present an issue for our review, could be disregarded by this court. Uniform RulesCourts of Appeal, Rule 2-12.4.
In any event, this court routinely reviews every criminal record to determine if error patent on the face of the record affected the result. See LSA-C.Cr.P. art. 920(2). Our inspection of the record herein has not revealed the existence of error affecting the conviction itself. However, we have discovered an error relating to the proceedings by which defendant was adjudicated a multiple offender.
The bill of information charging that defendant was a multiple offender provides as follows:
That one JAMES BERNARD HOLTS ... on the 24th day of September, in the year of our Lord, one thousand nine hundred and eighty-six ... was found guilty as charged of theft over $500.00 in violation of LSA-R.S. 14:67 and simple burglary of a residence in violation of LSA-R.S. 14:62.2 under number 41,057 of the docket of this Court; that on February 6, 1984, the said James Bernard Holts plead guilty as charged to receiving stolen things over $500.00 in violation of LSA-R.S. 14:69 under number 38,605 on the docket of the 22nd Judicial District Court, Parish of Washington,....
This bill of information is not correct. Defendant was not charged with or convicted of the burglary of a residence. On September 24, 1986, he was found guilty of the simple burglary of an automobile belonging to Shirley Brooks.
However, this erroneous allegation does not render the bill of information fatally defective. As further provided in the bill of information, defendant was also convicted of theft of property having a value over $500.00, that being the truck belonging to Everett Jenkins. We find, therefore, that the court did not err by finding that defendant was a second felony offender, based upon the guilty plea he entered on February 6, 1984, and the conviction of theft rendered September 24, 1986.
CONVICTIONS AND SENTENCES AFFIRMED.