ALFORD, Judge.
Bertrand Morrison was indicted by the West Feliciana Parish Grand Jury for armed robbery, a violation of La.R.S. 14:64. He was tried by a jury, which convicted him as charged. The trial court imposed a sentence of seventy-five years at hard labor, without benefit of probation, parole or suspension of sentence. Defendant appealed, urging three assignments of error, as follows:
1. The evidence is insufficient.
2. The trial court erred by overruling an objection to testimony by state witnesses.
3. The sentence is excessive.
FACTS
Defendant was charged with the armed robbery of George Davis, an elderly man who was a friend of defendant’s family. The victim was killed in the course of the robbery. His body was found in the bedroom of his home by friends concerned because they saw the front door of his home open during the night. The murder and robbery remained unsolved for several months; however, over a year later, defendant told a friend that he and several others had committed the offenses. Defendant, his sister (Bertha), Joseph Baker, and Michael Ravy were arrested. Bertha Morrison and Joseph Baker pled guilty to aggravated burglary. Michael Ravy was charged with the murder of the victim and was awaiting trial at the time defendant was tried.
SUFFICIENCY OF THE EVIDENCE
By assignment of error number one, defendant submits that the evidence is not *584 sufficient to sustain the verdict. He contends that the only testimony connecting him to the offense was that of Joseph Baker, which the jury should not have believed because his credibility was impeached during the trial.
Joseph Baker testified that he participated in a discussion with defendant, Bertha Morrison, and Michael Ravy approximately one week before the robbery, in which they discussed committing a robbery or burglary against George Davis. He related that, at that time, neither defendant nor his sister wanted to participate. However, on the night of the robbery, after the group had visited several bars, defendant suggested that they stop by the victim’s house. Baker further testified that defendant, who was driving, stopped the car near the house and told the others to get out of the car. After defendant drove a short distance down the highway, Michael Ravy knocked on the door and persuaded the victim to open it by claiming to be Willie Morrison, defendant’s cousin who was a close friend of the victim. Baker related that, although the participants had agreed that the victim would not be confronted if he were home at the time, Ravy drew a gun as soon as the victim opened the door and chased him into the house, firing the pistol. Baker claimed that he and Bertha Morrison stayed in the yard during the robbery; however, after being threatened by Ravy, he later entered the house and saw the victim lying on the floor on top of a pile of bloody cash.
Baker testified that, after the robbery, defendant returned to pick up the compatriots and drove them back to Bertha Morrison’s house. He related that, after he told defendant that the victim had been shot, defendant and Michael Ravy started to laugh. At the house, defendant and Ravy went into a back room and divided the money. Baker claimed that he and Bertha Morrison each received $450.00 for their participation. The state also presented the testimony of Sanders Nelson. Nelson testified that defendant told him he was involved in the murder of George Davis. Nelson related that defendant admitted to him that he, Bertha Morrison, Joe Baker, and Michael Ravy had robbed Davis of $6000.00, and that defendant’s participation had involved driving the others to the victim’s home and returning to pick them up. Nelson further related that defendant admitted that he had taken some of the cash from the robbery.
Defendant also testified at trial. He denied that he had discussed the robbery plan with the others. He claimed that, on the night of the robbery, he drove to his sister’s house to pick her up; however, Baker and Ravy also got into the car where “they brought up about going to do something.” Defendant testified that Baker “kept on asking me to drop them off somewhere but he never did say where and I told him no, me and my sister’s [sic] going out.” Defendant claimed he later agreed to give Baker and Ravy a ride in return for money for the gasoline. He testified that, when they were about sixty or seventy yards from the victim’s house, he heard Baker and Ravy “saying something, you know, but I just really stopped the car cause they was, I figured they was up to doing something wrong and I just stopped the car and told them to get out.” Defendant claimed he was surprised when his sister also got out of the car. He testified that, after he drove off, he began to worry about his sister; so he returned to the victim’s house. He saw his sister in the road, stopped to pick her up, and the others got into the car behind her. Defendant related that he could tell his sister was scared because of the expression on her face, so he did not say anything to Ravy and Baker when they also got into the car. Defendant admitted that, after they returned to Bertha Morrison’s house, Ravy gave him $400.00 for “gas money.” He claimed that he did not know the victim had been shot at the time.
Defendant argues that Baker’s testimony should not have been believed because, during cross-examination, he admitted that he had made a prior inconsistent statement. Defendant contends, therefore, that the jury's decision to believe Baker was not the action of a rational trier of fact.
This Court on appeal will not assess the credibility of witnesses or reweigh the evi *585 dence to overturn a factfinder’s determination of guilt. See State v. Matthews, 450 So.2d 644 (La.1984). The trier of fact can accept or reject, in whole or in part, the testimony of any witness. State v. Burge, 498 So.2d 196 (La.App. 1st Cir.1986). The jury was free to reject defendant’s explanation, which placed him innocently at the scene of the crime, and accept Baker’s testimony implicating him. Accordingly, this assignment of error has no merit.
ADMISSION OF TESTIMONY
By assignment of error number two, defendant submits the trial court erred by overruling his objections to testimony of two state witnesses, Drs. James A. Freeman and Alfred R. Gould. He contends that the court’s ruling permitted the state to introduce irrelevant, prejudicial testimony.
Dr. Freeman, a forensic pathologist, testified that he conducted an autopsy of the victim. He related that, during the autopsy, he discovered a gunshot wound in the upper left abdomen of the victim. He testified the shot transected the victim’s stomach and pancreas before hitting the vena cava, a major blood vessel. The state then asked Dr. Freeman if he had determined the cause of the victim’s death. Defendant objected to the question, arguing that the cause of death was irrelevant to a charge of armed robbery. The court overruled the objection; and the witness testified that the victim bled to death internally from the rupture of the vena cava.
Defendant contends the court’s ruling, permitting the introduction of irrelevant testimony concerning the cause of death, was prejudicial because it had the effect of inciting fear in the jury. He argues that, had this testimony been excluded, the impeachment of Joseph Baker would have had greater influence on the jury.
La.R.S. 15:435 provides that evidence sought to be introduced at trial must be relevant to a material issue. In questions of relevancy, much discretion is vested in the trial judge, whose ruling will not be disturbed on appeal in the absence of a showing of such abuse of such discretion. State v. Washington, 484 So.2d 946 (La.App. 1st Cir.1986).
In light of the testimony establishing that the victim died as the result of injuries he sustained, rather than natural causes, defendant’s objection that the question elicited irrelevant information may have merit. However, although the actual cause of death had no relevance to the armed robbery charge, the state was required to prove that the robbery was committed “by use of force or intimidation, while [the perpetrator was] armed with a dangerous weapon.” See La.R.S. 14:64. Therefore, testimony concerning the injuries sustained by the victim was clearly relevant to prove that the robbery was committed by force and through use of a dangerous weapon. See State v. Penny, 486 So.2d 879 (La.App. 1st Cir.), writ denied, 489 So.2d 245 (La.1986). Moreover, testimony that the victim died as a result of the injuries sustained was also relevant to illustrate the degree of the force used during the robbery. Thus, even if the court erred by failing to exclude testimony establishing exactly which of the victim’s injuries actually caused his death, the prejudicial impact of the irrelevant testimony was minimal. We find no reversible error in the court’s action overruling defendant’s objection to the testimony.
Defendant further contends that the court’s erroneous ruling permitted the jury to hear testimony of Dr. Gould, the coroner of West Feliciana Parish, concerning the cause of death. Defendant did not object at any time during the testimony of Dr. Gould. Therefore, any error which might have resulted was waived. See La.C.Cr.P. art. 841. Moreover, for the reasons discussed relative to Dr. Freeman’s testimony, we would find no reversible error even had defendant properly preserved the issue.
EXCESSIVE SENTENCE
By assignment of error number three, defendant submits that the trial court erred by imposing a sentence that is excessive because his participation in the crime was limited to providing transportation to the *586 others to and from the scene. Defendant further argues the sentence is excessive because he never saw the victim and the victim did not die as a result of his actions. Finally, defendant also contends that the court failed to consider the sentencing criteria of La.C.Cr.P. art. 894.1.
Initially, we note that, despite defendant’s claim that the trial court failed to obtain a presentence investigation report, that report was duly filed and was made a part of the appellate record. It reflects that defendant had been arrested for an assortment of minor offenses and, further, that defendant had a sporadic work history and had not been employed in the three years preceding his arrest.
In its reasons for imposing sentence, the trial court noted its opinion that defendant’s participation in the robbery was not marginal or peripheral, but that he was directly and actively involved in the planning and commission of the offense and shared in its profits. The court further noted that defendant had expressed no contrition and opined that, if given the opportunity, he would participate in the same type of crime in the future. Finally, the court noted that, although it believed the sentencing criteria of La.C.Cr.P. art. 894.1 were not applicable because defendant was not eligible for a suspended sentence, the court had looked at those factors for guidance in determining the length of the sentence. The court stated that it imposed a lengthy sentence because defendant was actively and directly involved in an offense that led to the death of another human being, that a lesser sentence would deprecate the seriousness of the crime, and that the mitigating factors were not applicable.
. The trial court has wide discretion in the imposition of a sentence within statutory limits and, given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of a manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). Although the trial court need not recite the entire checklist of art. 894.1, the record must reflect that the court adequately considered the guidelines; however, even in the absence of adequate compliance with the mandate of article 894.1, it is not necessary for this Court to remand the matter for resentencing in compliance with the article when the sentence imposed is not apparently severe in relation to the particular offender or the particular offense. State v. Holts, 525 So.2d 1241 (La.App. 1st Cir.1988). We find the reasons enunciated by the trial court support the imposition of the sentence of seventy-five years; and, moreover, we find that the sentence is not apparently severe in light of defendant’s participation in this offense. Accordingly, we find no abuse of discretion herein.
CONVICTION AND SENTENCE AFFIRMED.