HIGGINBOTHAM, J.
laThe defendant, Derrick Patrick James, was charged by an amended bill of information with aggravated assault with a firearm, a violation of La. R.S. 14:37.4 (count 1); aggravated criminal damage to property, a violation of La. R.S. 14:55 (count 2); and possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1 (count 3). The defendant pled not guilty to the charges and, following a jury trial, was found not guilty on counts 1 and 2, and guilty as charged on count 3 (possession of a firearm by a convicted felon). The defendant was sentenced to twelve years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant filed a motion to reconsider sentences, which was denied. The defendant now appeals, designating two assignments of error regarding his sentence.
FACTS
On the afternoon of March 28, 2015, on Rose Marie Lane, in the Johnson Ridge area in Thibodaux, Louisiana, several people saw the defendant holding a firearm. Two eyewitnesses testified at trial that they saw the defendant actually shooting the firearm. One of those eyewitnesses described the weapon the defendant was shooting as an AK-47 assault rifle.
Police at the scene found four spent 7.62 x .39 Wolf brand caliber cartridge cases on Rose Marie Lane. Testimony from the police and from Charles R. Watson, Jr., an expert in firearms examination, indicated that the AK-47 firearm fires the 7.62 x .39 caliber round cartridges, According to Watson, the four cartridge cases found at the scene were fired from the same weap *271 on. The defendant was arrested at his grandmother’s house on Rose Marie Lane. No gun was found.
The defendant did not testify at trial.
ASSIGNMENTS OF ERROR
In two related assignments of error, the defendant argues, respectively, that |sthe trial court erred in denying his motion to reconsider sentence, and that his sentence is unconstitutionally excessive.
The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Andrews, 94-0842 (La.App. 1 Cir. 5/6/95), 655 So.2d 448, 454. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Holts, 525 So.2d 1241, 1245 (La. App. 1st Cir. 1988). Louisiana Code of Criminal Procedure Article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of La. Code of Crim. P. Art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. State v. Brown, 2002-2231 (La.App. 1 Cir. 5/9/03), 849 So.2d 566, 569.
The articulation of the factual basis for a sentence is the goal of La. Code Crim. P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record dearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. Code Crim. P. Art. 894.1. State v. Landos, 419 So.2d 475, 478 (La. 1982). The trial judge should review the defendant’s personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. See State v. Jones, 398 So.2d 1049, 1051-52 (La. 1981). On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. Thomas, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam).
With a sentencing exposure of ten to twenty years imprisonment, the defendant was sentenced to twelve years at hard labor. See La. R.S. 14:95.1(B). The defendant argues in brief that he should have been sentenced to the minimum sentence of ten years, and that the twelve-year sentence goes beyond any societal purpose in punishing him and will exact needless pain and suffering on him and his family. According to the defendant, the trial court should have considered his sentence in light of the fact that he was not found guilty of the aggravated assault with a firearm and aggravated criminal damage to property charges, which indicates the jury took issue with testimony that he had “fired a gun that day.”
We note that mere possession of a firearm by a convicted felon, rather than having fired the gun, is all that is necessary to have committed the offense pro *272 scribed by La. R.S. 14:95.1(A). In any case, it is clear the trial court considered La. Code Crim. P. Art. 894.1, as well as the defendant’s criminal history, in arriving at the appropriate sentence. In its reasons for sentence, the trial court stated in pertinent part:
I’ve studied the nature of the crime involved for the purpose of determining an appropriate sentence in this case and note that you have a, either three or four previous felony convictions!.]
[[Image here]]
The Court has considered the other circumstances under the sentencing article, 894[.l].
[[Image here]]
The biggest concern the Court has with you is your previous felony convictions.
[[Image here]]
Well, the Court, considering all the evidence, the previous record of the defendant, everything else that, other, and also looking at Article 89[4].l of the Code of Criminal Procedure, the Court will sentence the defendant as follows:
Un light of all the findings, the defendant is sentenced to be imprisoned at hard labor ... for a term of 12 years without the benefit of probation, parole or suspension of sentence.
Considering the trial court’s review of the circumstances, the nature of the crime, and the fact that the sentence is only two years more than the statutorily allowed minimum sentence, we find no abuse of discretion by the trial court. The trial court provided, and the record reveals, sufficient justification in imposing a twelve-year sentence. Accordingly, the sentence imposed is not grossly disproportionate to the severity of the offense and, therefore, is not unconstitutionally excessive. The trial court did not abuse its discretion in denying the motion to reconsider sentence.
These assignments of error are without merit.
SENTENCING ERROR
Under La. Code Crim. P. Art. 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record, we have found a sentencing error. See State v. Price, 2005-2514 (La.App. 1 Cir. 12/28/06), 952 So.2d 112, 123-24 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277.
Whoever is found guilty of violating the possession of a firearm by a convicted felon provision shall be imprisoned at hard labor for not less than ten nor more than twenty years without benefits and be fined not less than one thousand dollars nor more than five thousand dollars. La. R.S. 14:95.1(B). The record, including the minutes, reveals that the trial court failed to impose the mandatory fine. Accordingly, the defendant’s sentence is illegally lenient. Since the sentencing error, however, is not inherently prejudicial to the defendant, and neither the State nor the defendant has raised this sentencing issue on appeal, we decline to correct this error. See Price, 952 So.2d at 123-25.
CONVICTION AND SENTENCE AFFIRMED.