HIGGINBOTHAM, J.
| ?The defendant, Terry J. Ducote, was charged by bill of information with simple rape, a violation of Louisiana Revised Statutes 14:43 (prior to amendment by 2015 La. Acts, No. 184 § 1 & No. 256 § 1). He entered a plea of not guilty and, following a jury trial, was found guilty as charged. He filed motions for postverdict judgment of acquittal and new trial, both of which were denied. The defendant was sentenced to fourteen years at hard, labor without benefit of parole. He filed a motion to reconsider sentence, which was denied. He now appeals, challenging his sentence as excessive.
FACTS
On June 27, 2015, the victim, AD.[1], who was eighteen years old, went to New Orleans with her mom, sister, stepfather, stepsister, and her stepbrother, the defendant, to visit a park and museum. When they returned home to the defendant’s father’s house, the defendant, the victim, and the victim’s sister walked to a gas Station, and the defendant purchased a bottle of vodka. The three of them then returned home and smoked marijuana in , the defendant’s vehicle. The victim testified that she smoked “one or two joints and two or three pulls from the pipe.” She stated that she felt “[rjeally relaxed and calm.” Afterward, .they went back inside. The victim’s sister went into her bedroom, and the victim and the defendant went into the defendant’s bedroom “to hang out more” and drink alcohol.[2] The victim consumed about five or six shots of vodka, but the defendant did not drink any. The victim testified that the marijuana combined with the vodka “made it to where [her] body started getting so relaxed that [she] wasn’t able, to really move it.” She also testified that she began to feel dizzy. According to the victim, she was Lseated on the defendant’s bed, and the defendant was seated on the floor. She testified that the defendant began touching her thigh, and she told him to *726 stop more than once. Rather than stop, the defendant began to get on top of the victim. At that point, according to the victim, she “wasn’t really able to speak anymore because of the intoxication and being high.”
The defendant began to undress the victim, but she “blacked out, and after that [she] remember[s] laying on the bed with [her] head by the pillows and him being on top of [her].” The victim testified that the defendant had vaginal sexual intercourse with her, and she did not give him permission to do so. The victim further testified that the defendant only stopped because she “was able to sober up” and tell the defendant that “it was hurting[.]” She stated that the defendant checked, and she was bleeding. Afterward, the victim fell asleep on the floor.
The next day, she packed her belongings and walked into the living room. She sent a text message explaining what happened to her sister, who was also in the living room. After receiving the text messages, the victim’s sister contacted them father who came and picked up the victim. The defendant also exchanged text messages with the victim prior to her leaving the house. The victim sent a message to the defendant stating, “I kept telling you no, so why did you keep going? The only reason it happened was because I was too f***ed up. You basically raped me.” The defendant sent a message to the victim stating, “Last night should have never happened. I don’t like being like that. I can’t stand doing anything with anybody, when one of us isn’t sober or at least can’t think straight.” He also sent messages stating, “If I could undo what’s been done, I would[;]” “I couldn’t control myself last night[;]” and “Please don’t hate me. I f***ed up and I know it.”
The victim’s father testified that he received a telephone call from the victim’s sister who was upset and crying. After talking to the victim’s sister, he left work and went to the defendant’s father’s house to pick up the victim. Upon his arrival] 4 the defendant approached him and attempted to apologize and “explain [himself],” but the victim’s father, who saw the victim sitting in the fetal position on the couch, helped her get her belongings and drove her straight to the police Station. The victim was then taken to Slidell Memorial Hospital for a rape examination, where the doctor found a tear on her vaginal wall.
On June 28, 2015, the defendant was interviewed and gave an audio and video-recorded Statement. The defendant also testified at trial. According to his testimony at trial, he performed oral sex on the victim on Friday, June 26, 2015, the day before the alleged rape. On cross-examination, he admitted that he did not mention that alleged sexual encounter during his videotaped interview. The defendant further testified that on Saturday, June 27, 2015, he and the victim smoked marijuana and sat in his car from 11:00 p.m. until 3:00 or 4:00 a.m. The defendant claimed that the victim stumbled “a little bit” but had steady hands and speech. He claimed that afterward, the two talked in his bedroom, and he fell asleep. The defendant testified that the victim drank vodka and drew on a plastic fish aquarium that was in his room. The defendant did not drink the vodka, but claimed that he “consumed a couple of alcoholic beverages” earlier that day at the park as well as when they arrived home from the park. He claimed that he did not mention his alcohol consumption to police officers because he did not “remember it until later.” According to the defendant, when he woke up, the victim was on top of him, kissing him. He testified that he “didn’t think anything out of it anymore” because they “messed around the night *727 before.” He testified that the two engaged in sexual intercourse and that the victim consented.
EXCESSIVE SENTENCE
In his sole assignment of error, the defendant argues that the sentence imposed by the district court is excessive. Specifically, the defendant argues that the district court failed to consider factors surrounding the offense and offender including the | sfact that the defendant was twenty-three years old at the time of offense, did not have a felony record, was intoxicated at the time of the offense, had been successfully employed, and was not “acting in a predatory fashion.”
The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate the defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. Further, a sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one’s sense of justice. A district court judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Hurst, 99-2868 (La.App. 1 Cir. 10/3/00), 797 So.2d 75, 83, writ denied, 2000-3053 (La. 10/5/01), 798 So.2d 962.
Louisiana Code of Criminal Procedure Article 894.1 sets forth the factors for the district court to consider when imposing sentence. While the entire checklist of Article 894.1 need not be recited, the record must reflect that the trial court adequately considered the guidelines. See State v. Herrin, 562 So.2d 1, 11 (La. App. 1st Cir.), writ denied, 565 So.2d 942 (La. 1990). The articulation of the factual basis for a sentenée is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475, 478 (La. 1982). Even when the district court assigns no reasons, the sentence will be set aside on Rappeal and remanded for sentencing only if the record is inadequate or clearly indicates the sentence is excessive. State v. Knight, 2011-0366 (La.App. 1 Cir. 9/14/11), 77 So.3d 302, 304, writ denied, 2011-2240 (La. 2/17/12), 82 So.3d 283. On appellate review of sentence, the relevant question is whether the district court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. Thomas, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam).
Herein, the defendant was sentenced pursuant to La. R.S. 14:43B (prior to amendment by 2015 La. Acts, No. 184 § 1 & No. 256 § 1), which provided:
Whoever commits the crime of simple rape shall be imprisoned, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than twenty-five years.
The defendant was sentenced to fourteen years at hard labor without the benefit of parole. Prior to imposition of sentence, the district court found that the defendant was in need of a custodial environment provided most effectively by commitment to an institution. It also found *728 that a lesser sentence would deprecate the seriousness of the .defendant’s crime. See La. Code Crim. P. art. 894.1A(2) & (3). In ruling on the motion to reconsider sentence, the district court stated that it researched sentences imposed by other courts for the same offense and based on similar facts and circumstances. The district court specifically noted that it considered cases wherein the offenders did not have prior felony records and those in which intoxicating agents were used.
Based on our review of the record, we find that the district court adequately considered the criteria of Article 894.1 and did not abuse its discretion in imposing the sentence. The court noted that.it considered the Article 894.1 sentencing provisions and specifically .stated that it considered the defendant’s intoxicated state at the time of the offense and his lack of a felony record. The court also explicitly stated that to impose a “lesser sentence [would] deprecate the seriousness of the | defendant’s crime.” See La. Code Crim. P. art, 894.1A(3). Additionally, although the defendant argues he was “not acting in a predatory fashion” and there was “no violence involved,” the testimony established that the defendant provided, but did not consume, the vodka which intoxicated the victim, the victim attempted to stop the defendant - from raping her, but was unable to move her body, and that the encounter resulted in a tear to the victim’s vaginal wall. Accordingly, the sentence imposed was not grossly disproportionate to the severity of the offense and, Thus, was not unconstitutionally excessive.
For all of the above reasons, this assignment of error is without merit.-
CONVICTION AND SENTENCE AFFIRMED.

. We reference the victim herein by initials only. See La. R.S. 46:1844W.

. The victim’s sister lived with their mother in the defendant’s father’s house. The victim lived with her father and was only visiting her mother for the weekend.