STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 KA 0320

STATE OF LOUISIANA

VERSUS

SEAN TAYLOR BASS

Judgment Rendered: **SEP 2 7 2019**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 604177

Honorable Peter J. Garcia, Judge Presiding

* * * * *

| | |
|---|---|
| Warren L. Montgomery<br>District Attorney<br>Matthew Caplan<br>Butch Wilson<br>Assistant District Attorneys<br>Covington, LA | Attorneys for Appellee,<br>State of Louisiana |
| Lieu T. Vo Clark<br>Louisiana Appellate Project<br>Mandeville, LA | Attorney for Defendant-Appellant,<br>Sean Taylor Bass |

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

The defendant, Sean Taylor Bass, was charged by bill of information with video voyeurism (of sexual intercourse), a violation of La. R.S. 14:283(A). The defendant pled not guilty and, following a jury trial, was found guilty as charged. The defendant was sentenced to three years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant filed a motion to reconsider sentence, which was denied. The defendant now appeals, designating two assignments of error.

## FACTS

In the early months of 2017, J.G.[1] met the defendant on Grindr, a phone app predominantly for the homosexual community. They agreed to have sex, and J.G. went to a house in Mandeville to meet the defendant. The defendant and J.G. had sex. Unknown to J.G., the defendant had recorded their sexual encounter with a laptop that was near the bed. The defendant then uploaded a video of the encounter to Pornhub, a pornographic website. J.G. discovered the video on the site and contacted the police. J.G. testified at trial that while the sex was consensual, he never consented to being recorded by the defendant, and he never consented to having a video of his encounter with the defendant being uploaded to Pornhub.

The defendant testified at trial. According to the defendant, he was "pretty confident" that the agreement between him and J.G. was that their sexual encounter would be recorded; and that the very fact that J.G. had sex with him was testament to that agreement. The defendant agreed on cross-examination that he did not have J.G.'s consent to upload the video to Pornhub.

## ASSIGNMENTS OF ERROR NOS. 1 and 2

In these related assignments of error, the defendant argues, respectively, the

---

[1] The victim is referred to by his initials. See La. R.S. 46:1844(W).

trial court erred in denying the motion to reconsider sentence; and the sentence is unconstitutionally excessive.

The Eighth Amendment to the United States Constitution and Article I, section 20, of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence falls within statutory limits, it may be excessive. **State v. Sepulvado**, 367 So.2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it shocks the sense of justice. See **State v. Fruge**, 2014-1172 (La. 10/14/15), 179 So.3d 579, 583; **State v. Andrews**, 94-0842 (La. App. 1st Cir. 5/5/95), 655 So.2d 448, 454. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. See **State v. Shaikh**, 2016-0750 (La. 10/18/17), 236 So.3d 1206, 1209 (per curiam); **State v. Holts**, 525 So.2d 1241, 1245 (La. App. 1st Cir. 1988). On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **State v. Thomas**, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam).

Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of Article 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. **State v. Brown**, 2002-2231 (La. App. 1st Cir. 5/9/03), 849 So.2d 566, 569. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is

unnecessary even where there has not been full compliance with Article 894.1. **State v. Lanclos**, 419 So.2d 475, 478 (La. 1982); **State v. Ducote**, 2016-1457 (La. App. 1st Cir. 4/12/17), 222 So.3d 724, 727. The trial judge should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. **State v. Jones**, 398 So.2d 1049, 1051-52 (La. 1981); **State v. James**, 2016-1250 (La. App. 1st Cir. 2/17/17), 215 So.3d 269, 271.

The sentencing range for the defendant was a fine of not more than ten thousand dollars and imprisonment at hard labor for not less than one year or more than five years without benefit of parole, probation, or suspension of sentence. See La. R.S. 14:283(B)(3). The defendant was sentenced to three years at hard labor, with no fine. The defendant suggests in brief that he is a drug addict who videoed a consensual sexual encounter with a stranger, then uploaded the video to Pornhub, while under the influence of drugs. Later, he tried to take the video off the site, but was unable to. According to the defendant, he is exactly the type of offender for which the legislature envisioned the minimum one-year sentence.

At the sentence hearing, prior to sentencing, the prosecutor informed the trial court that the defendant had prior convictions of possession with intent to distribute marijuana, distribution of LSD, and receiving stolen goods. Further, according to the prosecutor, the defendant had pending charges in another State for video voyeurism. In sentencing the defendant, the trial court pointed out to the defendant that "your remorse may have been reflected somewhat by your attempt to remove this, but it's certainly belied by your position in the trial of this matter in which you allege it was consensual."

Considering the circumstances of the case, the defendant's criminal history, and the fact that the defendant was sentenced to only three years imprisonment, the

sentence imposed by the trial court is not grossly disproportionate to the severity of the offense and, therefore, is not unconstitutionally excessive. Accordingly, the trial court did not manifestly err in denying the motion to reconsider sentence.

These assignments of error are without merit.

**CONVICTION AND SENTENCE AFFIRMED.**