<u>**NOT DESIGNATED FOR PUBLICATION**</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 1236

STATE OF LOUISIANA

VERSUS

JOSHUA TAREZ WILLIS

*DATE OF JUDGMENT:*    **FEB 2 6 2020**

ON APPEAL FROM THE TWENTY-FIRST JUDICIAL DISTRICT COURT
NUMBER 35832, DIVISION E, PARISH OF LIVINGSTON
STATE OF LOUISIANA

HONORABLE BRENDA BEDSOLE RICKS, JUDGE

* * * * * *

Scott M. Perrilloux
District Attorney
Jeffrey J. Hand
Brad J. Cascio
Patricia Amos
Assistant District Attorneys

Counsel for Appellee
State of Louisiana


Prentice Lang White
Baton Rouge, Louisiana

Counsel for Defendant-Appellant
Joshua Tarez Willis

* * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

McDonald, J. concurs and assigns reasons.

**CHUTZ, J.**

Defendant, Joshua Tarez Willis, was charged by bill of information with aggravated assault upon a peace officer, a violation of La. R.S. 14:37.2 (count one), aggravated flight from an officer where human life is endangered, a violation of La. R.S. 14:108.1 (count two), resisting an officer with force or violence, a violation of La. R.S. 14:108.2(A)(3) (count three), possession of a schedule II controlled dangerous substance (cocaine), a violation of La. R.S. 40:967(C)(2) (count four), and possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1 (count five). He pled not guilty. Counts three and four were dismissed before trial. After a trial by jury, defendant was found guilty as charged of counts two and five, and not guilty of count one. The trial court imposed concurrent terms of five years (count two) and twenty years (count five) imprisonment at hard labor, the latter sentence to be served without the benefit of probation, parole, or suspension of sentence. The trial court also ordered defendant to pay a $1,000 fine on count five. Following a habitual offender adjudication, the trial court vacated defendant's sentence on count two and resentenced him to ten years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.[1] Defendant filed unsuccessful motions to reconsider both his original sentence and his habitual offender adjudication and sentence. Defendant now appeals. For the following reasons, we affirm the convictions and sentences.

## STATEMENT OF FACTS

On June 10, 2017, Livingston Parish Sheriff's Office Deputy Ryan Bernard observed defendant driving erratically from lane to lane on I-12, swerving in his

---

[1] When the trial court originally sentenced defendant on counts two and five, the court indicated the sentences were concurrent. However, the sentencing transcript reflects that when the trial court vacated the sentence on count two and imposed a ten-year habitual offender sentence, the court did not state the sentence was concurrent to the sentence imposed on count five. Nevertheless, because the sentences are for two offenses arising from the same act or transaction, the sentences are concurrent under La. C.Cr.P. art. 883, since the trial court did not "expressly" direct that they be served consecutively.

2

lane, and slowing to 50 MPH in a 70 MPH zone. Deputy Bernard initiated a traffic stop of defendant's vehicle. On being questioned, defendant was unable to provide a driver's license and gave Deputy Bernard a false name. After Deputy Bernard walked back to his marked police vehicle, another deputy, who was present for the traffic stop, yelled "gun," at which time defendant drove off. Defendant drove through the median traveling westbound in the eastbound lane, lost control, went back through the median traveling eastbound in the westbound lane, and then went back through the median once more traveling eastbound on the eastbound side of I-12. In total, defendant crossed the median on three separate occasions. During Deputy Bernard's pursuit, defendant accelerated to approximately 100 MPH, while continuing to drive erratically and almost hitting another car driven by a civilian motorist.

When defendant finally exited the interstate, he failed to stop at a stop sign and could not control his vehicle, which ultimately "barrel rolled" several times. Defendant then exited through the back hatch and ran away, running through several yards. Defendant was eventually located in a nearby field and arrested. A gun was recovered from defendant's vehicle. Defendant stipulated to a prior felony conviction.

## EXCESSIVE SENTENCE
(Assignment of Error Number One)

On appeal, defendant contends the trial court's imposition of a maximum sentence of 20 years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence for being a felon in possession of a firearm is excessive.[2] Defendant also complains that the trial court's basis for the sentence is

---

[2] In the sole assignment of error asserted in his brief, defendant only identifies his habitual offender sentence on count two (aggravated flight from an officer) as being excessive, but in his stated issue for review, he also claims that his twenty-year sentence on count five (possession of a firearm by a convicted felon) is excessive. In his argument, however, defendant only addresses his twenty-year sentence on count five. Consequently, as defendant failed to brief the claim of excessiveness with respect to the habitual offender sentence for aggravated flight from an officer, that claim is

3

unknown since the mitigating and aggravating factors of La. Code Crim. P. art. 894.1 were not detailed on the record by the court. The State argues defendant's sentences are not excessive.

The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. **State v. Sepulvado**, 367 So.2d 762, 767 (La. 1979); **State v. James**, 2016-1250 (La. App. 1st Cir. 2/17/17), 215 So.3d 269, 271. A sentence is considered unconstitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. **State v. Spikes**, 2017-0087 (La. App. 1st Cir. 9/15/17), 228 So.3d 201, 204. Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of La. Code of Crim. P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. **State v. Letell**, 2012-0180 (La. App. 1st Cir. 10/25/12), 103 So.3d 1129, 1138, writ denied, 2012-2533 (La. 4/26/13), 112 So.3d 838.

The articulation of the factual basis for a sentence is the goal of La. Code Crim. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where the trial court has not fully complied with La. Code Crim.

---

deemed abandoned. See Uniform Rules of Louisiana Courts of Appeal, Rule 2–12.4(B)(4); **State v. Ferguson**, 2015-0427 (La. App. 1st Cir. 9/18/15), 181 So.3d 120, 141, writ denied, 2015-1919 (La. 11/18/16), 210 So.3d 282.

P. art. 894.1. **State v. Lanclos**, 419 So.2d 475, 478 (La. 1982); **State v. Ducote**, 2016-1457 (La. App. 1st Cir. 4/12/17), 222 So.3d 724, 727. When determining a sentence, the trial court should review defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. See **State v. Jones**, 398 So.2d 1049, 1051-52 (La. 1981); **State v. Scott**, 2017-0209 (La. App. 1st Cir. 9/15/17), 228 So.3d 207, 211, writ denied, 2017-1743 (La. 8/31/18), 251 So.3d 410. On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **State v. Thomas**, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam). Furthermore, this court has stated that maximum sentences permitted under statute may be imposed only for the most serious offenses and the worst offenders, or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. **State v. Parker**, 2012-1550 (La. App. 1st Cir. 4/26/13), 116 So.3d 744, 754, writ denied, 2013-1200 (La. 11/22/13), 126 So.3d 478.

The sentencing range for a violation of La. R.S. 14:95.1 is five to twenty years imprisonment. La. R.S. 14:95.1(B). In this case, defendant received a term of twenty years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Defendant stipulated that he had previously been convicted of simple robbery. The trial judge who presided over the trial made the sentencing determination.

In determining what constitutes an appropriate sentence, Louisiana courts have often considered the other offenses a defendant committed during the same criminal transaction leading to the prosecution for possession of a firearm by a convicted felon. See e.g., **State v. Richardson**, 2016-0107 (La. App. 3d Cir. 12/28/16), 210 So.3d 340, 361 (fifteen years imprisonment without the benefit of

5

probation or suspension of sentence not excessive due to "random, 'egregious' nature" of offenses); **State v. Wilson**, 2014-551 (La. App. 5th Cir. 1/28/15), 167 So.3d 903, 915 (maximum sentence not unconstitutionally excessive where defendant was previously convicted of possessing a dangerous weapon while possessing a controlled dangerous substance, and committed egregious acts during the offense); **State v. Warmack**, 2007-311 (La. App. 5th Cir. 11/27/07), 973 So.2d 104, 109 (maximum sentence not unconstitutionally excessive where defendant's conduct demonstrated complete disregard for police authority, defendant had prior drug convictions, and had numerous opportunities to reform his life, but ran from police, gave a false name at time of booking, and gun he pulled from his waistband was loaded and ready to be discharged); **State v. Jefferson**, 2004-1960 (La. App. 4th Cir. 12/21/05), 922 So.2d 577, 602-04, writ denied, 2006-0940 (La. 10/27/06), 939 So.2d 1276 (maximum sentence not constitutionally excessive where defendant possessed one or more firearms, shot a police officer four times, and had also received a life sentence for attempted first degree murder); **State v. Lindsey**, 583 So.2d 1200, 1205 (La. App. 1st Cir. 1991), writ denied, 590 So.2d 588 (La. 1992) (consecutive maximum sentences were not an abuse of discretion in light of defendant's criminal record and circumstances of offenses).

In this case, given the broad discretion afforded a trial court in sentencing, we do not find defendants sentence unconstitutionally excessive. After first providing Deputy Bernard with a false name, defendant attempted to flee from two deputies conducting a lawful traffic stop. In doing so, he risked the lives of the deputies and the general public by driving in the wrong direction on I-12 multiple times while approaching speeds of approximately 100 MPH. During defendant's reckless attempt to flee, his vehicle nearly collided with the vehicle of a civilian motorist, and defendant ultimately lost control of his vehicle. Further, while defendant's prior conviction was for simple robbery, he pled guilty to that charge after initially being

6

charged with armed robbery. Defendant's behavior demonstrates a total disregard for the safety of others and clearly poses an extreme danger to public safety. Defendant's sentence does not show a manifest abuse of discretion on the part of the sentencing court. This assignment of error is without merit.

**CONVICTIONS, HABITUAL OFFENDER ADJUDICATION, AND SENTENCES AFFIRMED.**

# STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT
## 2019 KA 1236

## STATE

## VERSUS

## JOSHUA TAREZ WILLIS

**McDONALD, J., concurring.**

I agree with the affirmance of the judgment in this case but write separately on one issue. That is, I disagree with the majority's conclusion, in footnote two of the opinion, that defendant abandoned his excessiveness argument on the aggravated flight sentence. I think defendant's brief arguably does challenge both of his sentences as excessive, but I also think both sentences are justified and not excessive. Further, I note that a finding of excessiveness on the 10-year aggravated flight sentence would not change the length of time defendant would still have to serve on the longer 20-year firearm possession sentence.